LUCIUS B. FOLSOM & another *vs.* GEORGE F. LEWIS & others.

Suffolk.    January 25, 1911. — March 3, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Equity Jurisdiction,* To enjoin unlawful strike, Unlawful interference with contract.
  *Strike.    Labor Union.*

A strike by workmen engaged in a certain trade, to compel their employers to sub-
  mit to an attempt to obtain for a labor union a complete monopoly of the labor
  market in this kind of business, by forcing all laborers who wish to work at the
  trade to join the union and by forcing the employers to agree not to employ
  workmen unless they are members of the union or have agreed to become mem-
  bers, is not for a lawful purpose, and a suit in equity may be maintained to en-
  join it.
Conduct of workmen which directly affects an employer to his detriment by inter-
  ference with his business is not justifiable in law unless it is of a kind and for a
  purpose that tend to procure benefits that the workmen are trying to obtain.
The purpose of adding to the power of a labor union, in order to put it in a better
  condition to enforce its demands in controversies with employers that may arise
  in the future, does not justify an attack on the business of an employer by in-
  ducing his workmen to strike.
A suit in equity may be maintained to enjoin the defendants from unlawfully inter-
  fering with the plaintiff's business by inducing persons under contract with the
  plaintiff for future service to break their contracts.

KNOWLTON, C. J.    This is one of ten bills in equity, brought
by different parties and heard together before a master,* to ob-
tain an injunction to restrain the defendants from calling or de-
claring any strike and from proceeding with any strike already
called to "unionize" the plaintiff's shop, from inducing or per-
suading persons under contracts of employment to break them,
from conspiring or combining to prevent any person, by threats,
picketing or intimidation from entering or continuing in the
employ of the plaintiffs, and to recover damages.    Exceptions
were taken by both parties to the report of the master, and,
after a hearing, the plaintiff's exceptions were sustained and the
defendant's exceptions overruled.    A decree for the plaintiffs
was entered,† and the defendants appealed.

---

* Elbridge R. Anderson, Esquire.
† The final decree was ordered by *Hardy,* J.    A previous interlocutory
decree was made by *Richardson,* J.

There was a strike by the Boston Photo-Engravers Union against all the non-union employers of photo-engravers in Boston. The master found " that one of the objects of the strike was to compel the employers to recognize the union and to enter into an agreement with the union as such to employ none but union men, or non-union men provided they should join the union within thirty days and have a certificate of the right to work until the time that they had joined the union, and that the strike was a strike for the closed shop." He therefore found and ruled that the strike was not for a lawful object in these particulars.

The principal contention before us is that this finding is plainly wrong. The evidence upon this part of the case is not before us, except as the master has reported a large number of evidential facts, most if not all of which appear to be unquestioned, upon which his conclusion is founded. The only evidence that he was asked to report was that on the claim for damages.

The matters stated in the report amply justify, if they do not require, the finding that was made by the master. The general course of proceedings of the local union and its officers, and the International Photo-Engravers Union with which the local union was connected, and the officers of the International Union, some of whom were in Boston several months before the strike was called, seemingly engaged in the work of trying to obtain control of the labor in all the shops in Boston and to compel the assent by the employers to an agreement which should establish the closed shop in this business in Boston, all tend to support this finding of the master. While certain concessions were asked for in the interest of the men, just before the strike was ordered, most if not all of which the employers seem to have been willing to grant, the part of the proposed agreement which the representatives of the union absolutely insisted upon was article eight, " That the employing photo engravers signing this agreement shall employ none but members of the International Photo Engravers Union of N. A., or applicants for positions holding permit from the Boston Photo Engravers Union, No. 3 I. P. E. U." There is nothing in the case to indicate that there was anything in the condition of the business, or in the relations of the workmen to their employers, that made such

a requirement of any importance to these employees, in reference to their profit or comfort, or other direct interest as employees. The master was undoubtedly right in finding that the purpose of the defendants and the real object of the strike were not so much to obtain certain slight advantages referred to in the proposed agreement, as to compel the employers, by inflicting this injury upon them, to submit to an attempt to obtain for the union a complete monopoly of the labor market in this kind of business, by forcing all laborers who wished to work to join the union, and by forcing all employers to agree not to employ laborers, except upon such terms as they could make with the combination that should control all labor in this business. This has been held to go beyond the limit of justifiable competition. Conduct directly affecting an employer to his detriment, by interference with his business, is not justifiable in law, unless it is of a kind and for a purpose that has a direct relation to benefits that the laborers are trying to obtain. Strengthening the forces of a labor union, to put it in a better condition to enforce its claims in controversies that may afterwards arise with employers, is not enough to justify an attack upon the business of an employer by inducing his employees to strike. *Berry* v. *Donovan*, 188 Mass. 353. *Plant* v. *Woods*, 176 Mass. 492. *Pickett* v. *Walsh*, 192 Mass. 572. This most important part of the decision of the master and of the judge is well sustained.

There was also a finding that the defendants interfered with persons who were under contracts with the plaintiffs for future service, by inducing them to break their contracts. This too was a special wrong which was a proper subject for an injunction.

There was evidence well warranting the finding of the master on the question of damages.

*Decree affirmed with costs.*

*D. V. McIsaac,* (*H. F. Callahan* with him,) for the defendants.
*W. M. Noble,* for the plaintiffs.