HARRIS YABLONOWITZ, Appellant, **v.** " JACOB " KORN, the Name " Jacob " Being Fictitious, Individually and as President of the Hebrew Butcher Workers' Union of Greater New York, and Others, Respondents.

First Department, May 18, 1923.

**Labor unions — action to restrain members of labor union from picketing and interfering with plaintiff's business — plaintiff conducted business with aid of son and wife after two union men struck — proof shows that picketing was to compel employment of union labor or to ruin plaintiff's business — affidavits support claim of interference with and intimidation of customers — defendants are enjoined from picketing and from addressing any customer for purpose of diverting trade from plaintiff.**

The members of a labor union will be restrained from picketing plaintiff's place of business and from addressing any of plaintiff's customers for the purpose of diverting their trade from the plaintiff, since it appears that after plaintiff's two employees joined the union and went upon strike, the plaintiff conducted his shop with the aid of his son and his wife only; that the defendants picketed the shop with the avowed purpose either of compelling him to employ helpers who were members of the union or of ruining his business; that the affidavits presented in behalf of plaintiff, some of which were made by customers, clearly show acts of interference and violence against the customers and disturbances in front of plaintiff's store, and that the defendants misrepresented the quality of meat sold by the plaintiff and not only intimidated customers but persuaded them not to buy meat from the plaintiff.

DOWLING, J., dissents.

APPEAL by the plaintiff, Harris Yablonowitz, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of January, 1923, denying his motion for a temporary injunction, and also from an order entered in said clerk's office on the 14th day of February, 1923, denying said motion upon reargument.

*Elizabeth F. Vilkomerson* [*C. Arthur Jensen* with her on the brief], for the appellant.

*Morris Rothenberg,* for the respondents.

SMITH, J.:

The plaintiff has a little meat market at No. 2 East One Hundred and Twelfth street in the city of New York. He formerly was a member of the Hebrew Butcher Workers' Union of Greater New York of which the defendant Korn was an organizer. For some reason the plaintiff dissolved his connection therewith. For

some time he had two employees who were not union men but who later joined the union and then went upon a strike. He then conducted his business with the aid of his son and his wife alone. The defendants, however, picketed the shop and have since been picketing the shop and have been intimidating customers from coming there and by their acts and words threatened to ruin his business. The plaintiff sought an injunction to prevent the defendants from picketing his shop and interfering with his business.

The Special Term denied the injunction sought by the plaintiff on the ground that there is no clear proof that these members of this union were guilty of any of the acts of violence and upon the recognized principles of law that they had the right to picket a shop, provided they do so in a peaceful manner without intimidation of any of the employees who were there working.

This case, however, is different from the ordinary case. The plaintiff has attempted to employ no more men to work for him since the two men were taken away by the union and says he does not intend to, but this picketing is still kept up with the apparent purpose either of compelling him to employ helpers who are members of the union or of ruining his business. There was very considerable evidence by affidavit of interference with the plaintiff's business. Many customers of plaintiff swore to acts of interference and violence against them and of creation of disturbances in front of plaintiff's store. While the defendants also produced many affidavits, the evidence is mostly of a negative character, that those making the affidavits did not see any interference or disturbance. In such a case as this proof of actual occurrences is of great weight, while proof that affiants *did not see* is of little weight. It is a matter of common knowledge when pickets are hovering around a place for the purpose of preventing the conduct of business, and that is the only object that is at present apparent, it does constitute an intimidation, especially to women patrons. In any event, if the defendants are not engaged in this picketing and are not committing these offenses, they have nothing of which to complain if an injunction be granted. Under the authorities, as well as under common sense a man has the right to conduct his business in such way as he desires and he should not be driven out of business by any combination of persons, especially where he employs no workmen and his family are the only ones who help him in the business.

In *Curran* v. *Galen* (152 N. Y. 33) the court says: "Every citizen is deeply interested in the strict maintenance of the constitutional right freely to pursue a lawful avocation, under conditions equal as to all, and to enjoy the fruits of his labor, without the

imposition of any conditions not required for the general welfare of the community. The candid mind should shrink from the results of the operation of the principle contended for here; for there would certainly be a compulsion, or a fettering, of the individual, glaringly at variance with that freedom in the pursuit of happiness, which is believed to be guaranteed to all by the provisions of the fundamental law of the State."

In *Stuyvesant L. & B. Corporation* v. *Reiner* (110 Misc. Rep. 357; affd., 192 App. Div. 951) the Special Term judge says: " The principles stated in *Curran* v. *Galen* (*supra*) have not been overruled. On the contrary, they have been expressly recognized in *Jacobs* v. *Cohen* (183 N. Y. 210); *McCord* v. *Thompson-Starrett Co.* (129 App. Div. 131); *National Protective Assn.* v. *Cumming* (170 N. Y. 315, 334, 345). The *Curran* case has been cited with approval by both the Appellate Division and the Court of Appeals in the recent case of *Auburn Draying Co.* v. *Wardell* (178 App. Div. 270; affd., 227 N. Y. 1). The *Curran* case was cited in *Straus* v. *American Publishers' Assn.* (85 App. Div. 458), which held as illegal a combination to create a monopoly in the sale of books in this State. These principles are fundamental to our theory of government and are broad and universal. Monopolies are abhorrent to American ideas of government. The law condemns all combinations, whether in respect of labor or of so-called capital which seek to tend to become monopolies and thus oppressive to the people. (*Folsom* v. *Lewis*, 208 Mass. 336.) A departure from these principles means a recognition of class preference under the law. The facts established in this action come peculiarly within the condemnation of law. The defendants had no grievance against plaintiff other than that it and its employees were not in accord with their views about unionizing the plaintiff's business. It is no answer to say that picketing has been held to be lawful, if peaceably conducted. But picketing, even though ostensibly peaceable, may not be employed when its purpose is in effect a malicious and wanton interference with another's business or vocation. (*National Protective Assn.* v. *Cumming*, 170 N. Y. 321; *Bossert* v. *Dhuy*, 221 id. 342, 355.) As a matter of fact there is no strike here at all. The picketing is, therefore, a malicious act and unlawful." (See, also, *Auburn Draying Co.* v. *Wardell*, 227 N. Y. 1.)

This is purely a high-handed attempt to run this man's business and all sense of fair play is outraged in allowing this picketing to continue. It is not for the purpose of assisting the employees, because those who were before employed had left and no new ones were employed. It is simply for the purpose of intimidating

and coercing this plaintiff to hire union men. There is abundant proof of their misrepresenting the quality of meat sold by the plaintiff and of their approaching the customers of the plaintiff in a way not only to intimidate them, but to persuade them not to buy meat of the plaintiff and that they have no right to do. The defendants should be enjoined from picketing this place in any way or from addressing any of the customers of the plaintiff for the purpose of diverting their trade.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the injunction granted.

CLARKE, P. J., FINCH and McAVOY, JJ., concur; DOWLING, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion for injunction granted. Settle order on notice.