Traub Amusement Co., Inc., Plaintiff, v. ———— Macker and Others, Defendants.

Supreme Court, Kings County, February 19, 1925.

Trade unions — picketing — action to restrain labor union from picketing and interfering with plaintiff's business — defendants seek to compel plaintiff to employ union labor — no strike in progress — loss suffered by plaintiff attributed to acts of defendants — injunction granted.

Plaintiff, operating a moving picture and vaudeville theatre, which is not unionized, but whose employees have no complaint as to the conditions under which they work or the rate of wages paid, is entitled to an injunction restraining the defendants, members of a labor union, from picketing in front of plaintiff's theatre and from otherwise interfering with plaintiff's business, where it appears that there is no strike in progress, that defendants' only contention is that they seek to compel plaintiff to employ none other than members of their union, and that the loss in box-office receipts suffered by the plaintiff can only be attributed to the acts of the defendants and their local union.

Action to restrain picketing and interference with plaintiff's business.

*Abraham Sarosohn*, for the plaintiff.

*Algernon I. Nova*, for the defendants.

Callaghan, J. The plaintiff conducts a moving picture and vaudeville theatre. The defendant Macker is the president of the Moving Picture Machine Operators' Protective Union, Local 306. The theatre conducted by the plaintiff is not " unionized," although the plaintiff has from time to time employed members of the union, and has never refused to employ an individual because of his membership in the union. It, at one time, made what is known as a union contract with the musicians, and, although there is a claim that such contract was broken by the plaintiff, proof establishes that the contract was terminated pursuant to its provisions and with the consent of both of the parties thereto. The rate of wages paid by the plaintiff is equal to and in some cases greater than the union rate.

The union attempted to force the plaintiff to unionize its theatre by employing none other in the theatre in any capacity, unless the individuals so employed were members of the union. In an attempt to force the plaintiff to meet the demands of the union, it caused men to patrol the sidewalks in front of the entrance to the plaintiff's theater, carrying signs bearing the following inscription: " This theatre is unfair to musicians, stage employees, moving picture machine operators, affiliated with the American Federation of Labor."

Supreme Court, February, 1925. [Vol. 127

It also caused to be distributed in the neighborhood of plaintiff's theatre, literature bearing an inscription similar to that borne upon the placards by men patrolling the sidewalks. That practice was discontinued long before this action was brought to trial. There were no threats, force or intimidations employed by members of the union, or on its behalf, and the proof does not establish that intending patrons of the theatre were approached for the purpose of inducing their non-attendance at the theatre. After defendants began these practices, the receipts of the theatre were materially decreased; the only apparent reason therefor being the practices carried on by the members defendant herein.

It is manifest that the only purpose defendant had, and it frankly admits it, in adopting the means thus stated, was to injure the plaintiff's business to such an extent as to force it to employ members of the union. There was no strike. There is not the slightest proof of unfair dealing by the plaintiff with any member of the union. It is not unfair to organized labor. It insists only on employing whomever it sees fit to employ, and resents any effort of the union to dictate whom it may employ. The position of the defendant union is that it has the right, if peaceful and orderly means are adopted, to force a compliance with its demands upon the plaintiff to unionize its theatre. This position is not in accordance with the view expressed in *Hitchman Coal & Coke Co.* v. *Mitchell* (245 U. S. 229). The rule is, as expressed in that case, that if the legal rights of the employer are interfered with, to its damage, even by peaceable means, the act which causes the injury may be enjoined.

The defendants had no grievance whatever against the plaintiff. It did not complain of working conditions, or the rate of wages paid, and it could not complain of plaintiff's failure to employ union help. By its attitude it seeks to force plaintiff to employ none others than members of the union. It should not be allowed to force its demands upon the plaintiff, when in attempting to do so it adopts methods which result in injuries to the plaintiff's business. (*Yablonowitz* v. *Korn,* 205 App. Div. 440; *Stuyvesant L. & B. Corp.* v. *Reiner,* 110 Misc. 357; affd., 192 App. Div. 951; *Auburn Draying Co.* v. *Wardell,* 227 N. Y. 1.) It appears here that the plaintiff has suffered a substantial loss of receipts, which can be attributed to no cause other than the acts of the union.

Plaintiff may, therefore, have judgment. Defendants' proposed findings passed upon.