Cushman's Sons, Inc., Plaintiff, v. Amalgamated Food Workers Bakers, Local No. 164, and Others, Defendants.

Supreme Court, Bronx County, April 16, 1926.

Trade unions — picketing — application for temporary injunction to restrain defendants from interfering with plaintiff's employees and customers by picketing and boycotting — picketing, in absence of strike, is unlawful — evidence shows defendants' grievance is that plaintiff is not in accord with its views concerning employment of non-union labor — defendants posted pickets and distributed placards in front of plaintiff's premises with avowed purpose of interfering with plaintiff's employees and dissuading public from patronizing its stores — injunction granted.

Picketing and the distribution of circulars or placards which condemn the methods employed by one in business, and the use of coercive tactics smacking of intimidation and compulsion, either by union or non-union agencies in the absence of a strike, is unlawful and repugnant to the spirit of our institutions. If all of an employer's help are content and the union is simply acting for purposes of its own, it has no right to interfere with the employer's business, either by picketing or similar means.

Accordingly, plaintiff, a corporation engaged in the retail bakery business and operating numerous stores in the city of New York, wherein non-union labor is employed, is entitled to a temporary injunction restraining the defendants from molesting or interfering with its employees, customers or patrons by picketing, boycotting or otherwise, where it appears that, notwithstanding the fact that plaintiff's employees are not on strike, defendants posted pickets and distributed placards condemning plaintiff's employment policy in front of plaintiff's premises throughout the city of New York, with the avowed purpose of dissuading the public from patronizing plaintiff's stores and interfering with its employees, since such methods are an interference with plaintiff's right to conduct a lawful business, and if permitted to continue will work an irreparable loss upon plaintiff.

Motion by plaintiff for a temporary injunction restraining the defendants from molesting or interfering with its employees, customers or patrons, by picketing, boycotting or otherwise.

*Davies, Auerbach & Cornell* [*Martin A. Schenck*, of counsel], for the plaintiff.

*Droege & Rao*, for the defendants.

GIBBS, J. The action was instituted against "Prosper Goetfert, individually and as Secretary, and Eugene Schneider, individually and as Treasurer of Amalgamated Food. Workers Bakers, Local No. 164." It has been stipulated that the summons, complaint and papers used on this motion be amended *nunc pro tunc* as of their original date to omit the phrase "and as Secretary;" also that the 2d paragraph of the complaint be amended *nunc pro tunc* so as to read "The defendants are members and the defendant, Eugene Schneider, is an officer, to wit, the Treasurer, of Amalgamated Food Workers Bakers, which, on information and belief, is an association having more than seven members and having offices at No. 3468 Third Avenue, Borough of The Bronx, New York City." These amendments having been made, the court may now pass upon the merits of the application.

The plaintiff corporation is engaged in the retail bakery business, having numerous stores in the city of New York. In the affidavits submitted in support of this motion it is alleged by employees of the plaintiff that the defendants, through their agents and representatives, were picketing in front of several of these stores and distributing placards to customers entering and about to enter said stores. The placards complained of contained the following reading matter:

"To THE PUBLIC IN GENERAL!

"Is it possible for a workingman with a family to exist on a wage of $32.00 a week? The organized Bakery Workers, SAY NO! $32.00 a week is the maximum wage paid by Cushman's Sons, Inc., to their workers! This company, which in the year 1925 made a net profit of $1,275,763.02 through the exploitation of its workers, is now opening one store after another. WHY? Firstly: to drive Bakery Stores that employ workers under Union conditions out of business; second: to drive these workers who still work for a standard American wage into starvation, and to bring them as slaves under their yoke. We, the organized Bakery Workers, appeal to the public, and especially to the wives of workingmen, to support us in our struggle AGAINST the Cushman Company and the Bread Trust in general, through strictly requiring that their purchases of bakery products bear the UNION LABEL.

"Union baked products do NOT cost more than Trust wares, and you will be accomplishing a good work by supporting the organized Bakers.

"BAKER'S LOCAL OF THE
AMALGAMATED FOOD WORKERS.

" Union Scale of Wages:

From $30.00 to $47.00 per week, minimum, for 8 hour day. Wages at Cushman's and Bread Trust: $24.00 to $36.00 maximum.

| " BUY BREAD WITH | 1 | UNION | E |
| THIS LABEL | a | | x |
| | r | AFW | . |
| | t | | B |
| | n | | o |
| | e | | a |
| | c | EMBLEM | r |
| | | | d " |

The defendants have likewise caused to be distributed to the customers of the plaintiff the following notice:

" *To the Public:*

" The organized BAKERY WORKERS are struggling hard to gain and maintain a living wage, human working conditions and decent American standards of living for ALL BAKERY WORKERS.

" All the big Trust concerns refuse their workers these conditions and deny them the right to organize, and refuse to deal with the Bakers' Union. Most prominent among these ANTI-UNION BAKERY FIRMS are:

" CUSHMAN & SONS, INC.

and all its White Retail Bakery Stores (Bamby Bread), Ward Bread Co. (Tip-Top Bread, etc.), Continental Baking Corp. (Shults' Certified Bread, etc.), General Baking Co. (Bond Bread, etc.).

" All fair-minded people can best help the bakery workers in their struggles by patronizing only such bakeries and stores, where bread with

| | 1 | UNION | E | See that the bread, cake, |
| | a | | x | rolls and other bakery |
| " THIS | r | | . | goods come from such |
| UNION LABEL | t | AFW | B | bakery firms, that grant |
| is sold | n | | o | their workers fair union |
| | e | | a | conditions." |
| | | | r | |
| | C | EMBLEM | d | |

It is further alleged that customers about to enter various stores of the plaintiff were stopped by defendants' representatives, who attempted to persuade them from entering and making purchases. At the same time each of these customers was handed one of the placards. In the March 1, 1926, issue of a newspaper entitled

*Free Voice of the Amalgamated Food Workers* appeared the following news items:

" The lively agitation carried on by locals No. 1 and No. 164 against the non-union Cushman concern and its many retail stores is proving very effective. Thousands of throwaway cards, through which the public's attention is called to the fact that the Cushman bakeries are unfair to organized labor, have already been distributed throughout Manhattan and especially the Bronx, where the Cushman retail stores have been increasing so rapidly during the last year."

Under the title " Report from Bakers' Local No. 164 Bronx," appears the following: " The Agitation Committee reported on the progress of the agitation against the Cushman Stores." Also, under the heading " Organization News and Notes: " " Local No. 164 reported that the agitation against the Cushman stores is being carried on with all energy and with good results although the police attempted several times to interfere with the committees."

The defendants do not deny that the circulars were distributed. The defendant Schneider in an opposing affidavit avers that he is the treasurer of the defendant union and that he personally assisted " in the distribution." He denies, however, that any disorder or improper conduct was resorted to or that any of the plaintiff's customers were stopped by the men engaged in the distribution of the placards. He disclaims that there was any picketing of the plaintiff's premises. Schneider's representations are corroborated by the affidavits of the defendant Goetfert and several of the persons who participated in the distribution of these cards.

The plaintiff corporation employs non-union help. The defendant association is composed of union bakers, who undoubtedly are interested in promoting the principles for which the association was organized, namely, to encourage the employment of union labor and to better the living conditions of its members. The defendants' grievance against the plaintiff is that the latter is not in accord with its views concerning the employment of non-union bakers. It is not contended that plaintiff has ever employed members of the bakers' union or of any other union, but rather, that it refuses to employ them and that the wages paid to the non-union employees are insufficient to sustain them. There is no occasion for the court to pass upon this proposition, nor can it be inferred from the papers submitted on this motion that this state of facts exists. Concededly the plaintiff's employees are not on strike in any of its stores; nor in so far as the papers disclose is there any evidence of discontent among its employees. It is

a cardinal principle that an employer may conduct his business as he sees fit so long as he does not infringe upon the legal rights of others. If he determines that his interest will best be served by the employment of non-union help the law will protect him equally with those who operate union shops. (*Yablonowitz* v. *Korn*, 205 App. Div. 440.) Union and non-union shops stand with their feet on the same level in the eyes of the law. Coercive methods smacking of intimidation and compulsion whether employed by union or non-union agencies are equally repugnant to the spirit of our institutions. It is clear that the defendant union, although no strike is in progress, through its representatives, has been " picketing " the premises of the plaintiff with the avowed purpose of dissuading the public from patronizing its stores, and compelling the plaintiff corporation to operate union bakeries with a union scale of wages. The defendants boldly take the position that they have the right to press their demands on the plaintiff by the methods employed. In this they are mistaken. Picketing and distribution of circulars of the character alleged in this proceeding in the absence of strikes have been held to be unlawful. (*Traub Amusement Co., Inc.*, v. *Macker*, N. Y. L. J. Feb. 20, 1925; *Bolivian Panama Hat Co.* v. *Finkelstein*, Id. Oct. 22, 1925; *Hitchman Coal & Coke Co.* v. *Mitchell*, 245 U. S. 229; *Grassi Contracting Co.* v. *Bennett*, 174 App. Div. 244; *Carnation Photoplay Co., Inc.*, v. *Basson*, N. Y. L. J. March 27, 1926.) In the case of *Bolivian Panama Hat Co.* v. *Finkelstein* (*supra*) Mr. Justice Proskauer with characteristic force and aptness uses the following language, peculiarly applicable to this case: " In the case of an ordinary strike they are, of course, entitled to picket. If, however, there is no strike whatever in the plaintiff's premises, if all its employees are content and the union is simply acting for purposes of its own, it has no right to interfere with plaintiff's business by picketing or similar means."

There can be no question but that the continued " picketing " and distribution of defendants' literature would result in material injury to the plaintiff's business. Such conduct is interference with the plaintiff's right to conduct a lawful business. This should not be permitted. Accordingly I find that the plaintiff would suffer irreparable loss if the defendants were permitted to continue to use the methods employed by them and of which the plaintiff complains. The relief prayed for will be granted. Submit order.