PUBLIC BAKING CO., INC., Plaintiff, *v.* JACOB STERN, as Treasurer of LOCAL NO. 100 OF THE BAKERY AND CONFECTIONERY WORKERS INTERNATIONAL UNION OF AMERICA, Defendant.

Supreme Court, New York County, April 21, 1926.

Trade unions — attempt by defendant union to compel plaintiff to employ union labor — no evidence of threat, coercion, intimidation or fraud — motion to continue injunction against defendant denied.

A motion to continue an injunction restraining the members of the defendant union from parading in front of plaintiff's place of business and attempting to compel plaintiff to employ union labor, should be denied, since it appears that there is no strike; that the action by the members of the defendant union was peaceful; that only two members paraded; that there was no violence; that customers were not interfered with; and that there is no evidence that the defendant resorted to threat, coercion, intimidation or fraud.

Defendant's action was calculated merely to defend its own cause and procure employment for its own members, and since it kept its conduct within these bounds of the law, the fact that the plaintiff was incidentally damaged thereby entitles it to no legal redress.

Supreme Court, April, 1926.          [Vol. 127

Motion to continue injunction restraining members of defendant union from parading in front of plaintiff's places of business and attempting to compel plaintiff to employ union labor.

*Henry Mayer,* for the plaintiff.

*Morris Hillquit,* for the defendant.

Proskauer, J.    Plaintiff at one time conducted a " union " shop, employing members of the defendant union.   Its contract with the union expired.   It thereupon discharged the members of the union and employed other laborers.   The union then caused its representatives to parade for about two hours a day in front of places of business of plaintiff and some of its customers, bearing placards upon which was printed the label of the union with the legend: " This union label means shorter hours, sanitary shops and safety to the customers.   Workers and sympathizers demand bread and rolls with the union label."   There was also some public appeal in front of these places of business in the form of street meetings and addresses.   The action was peaceful, the number of paraders (two) not unreasonable and there was no violence.   The plaintiff seeks to continue the injunction restraining the commission of these acts.

There is here involved no question of the conduct of a strike. There is no strike.   The case presents merely a novel phase of the economic warfare resulting from an employer's resistance to the attempt to compel him to employ union labor.   The right of a union to make this attempt is at this time undeniable.   It must, however, resort to no illegal means in its endeavor to consummate its ends.   Members of a union are justified in refusing to work upon non-union material (*Bossert* v. *Dhuy,* 221 N. Y. 342) and in refusing to work for employers who hire non-union labor or patronize non-union vendors.    (*Gill Engraving Co.* v. *Doerr,* 214 Fed. 111.)   They may not exercise concerted oppressive coercion upon the customers of the enemy they attack.   The bounds are set by the cases above referred to read with *Duplex Printing Press Co.* v. *Deering* (254 U. S. 443, 474) and *Auburn Draying Co.* v. *Wardell* (227 N. Y. 1). The forbidden secondary boycott is thus defined by Mr. Justice Pitney in the *Duplex Printing Press Co.* case as " a combination not merely to refrain from dealing with complainant, or to advise or by peaceful means persuade complainant's customers to refrain (' primary boycott '), but to exercise coercive pressure upon such customers, actual or prospective, in order to cause them to withhold or withdraw patronage from complainant through fear of loss or damage to themselves should they deal with it."

Conduct enjoined there was the warning of complainant's

customers not to purchase complainant's presses, the threat of sympathetic strikes in other trades and resort to a number of other methods of preventing the sale of the complainant's presses by pressure and threats upon third parties or with whom complainant dealt. There was thus coercion and threat.

In the *Auburn Draying Co.* case the employee union threatened to withdraw its own patronage and use its influence to have others withdraw all patronage from any so-called unfair employer and, by threat and otherwise, caused dealers who employed plaintiff to discharge plaintiff. COLLIN, J., recognizes the right of the defendants to persuade the plaintiff's customers to desert it, unless they " injure the property rights of another by the means of causing or controlling through duress, coercion, oppression or fraud, the acts of third persons which produce the injury. The individual may do and does many acts which in their effect are or may be coercive as to another. The right to do those acts inheres in the natural freedom and the civil rights which are his. But there is an important and perceptible distinction, in the realms of justice, civil order and law, between the voluntary acts of an individual, done in the right of personal freedom, the right to do or to refrain from doing, and their injurious effects, and the acts of others, undesired by them, initiated and performed in virtue of the· deception, compulsion or oppression on the part of that individual, and their injurious effects."

Applied to the facts of this case these authorities mean that the defendant had a right to make pacific appeal and use legitimate persuasion in its endeavor to induce plaintiff's customers and the ultimate consumer to purchase bread made by its members. There is no evidence whatever here that the defendant resorted to the threat, coercion, intimidation or fraud which it is forbidden to use. It advertised to the buying public before plaintiff's places of business and of some of its customers the merits of the bread made by union bakers. It accosted no customer; it interfered neither directly nor indirectly with any person attempting to enter any place of business; it made no threat of sympathetic strike. Defendant's action was calculated merely to advance its own cause and procure employment for its own members. So long as it kept its conduct within these bounds of the law, the fact that the plaintiff was incidentally damaged thereby entitled it to no legal redress. (*Gill Engraving Co.* v. *Doerr*, 214 Fed. 111.)

My attention s called to the opinion written by me in *Bolivian Panama Hat Co.* v. *Finkelstein* (N. Y. L. J. Oct. 22, 1925). In that case, however, there was picketing without a strike in the technical sense of interference with and appeal to the employees of the plain-

Surrogate's Court, Monroe County, March, 1925. [Vol. 127

tiff, coupled with the false statement that there was a strike in the plaintiff's place of business, when in fact there was no strike. In the present case there was no such fraud and no such attempt to interfere with the plaintiff's employees.

The argument that the two cases are similar rests upon the the inexact use of the word " picketing." As ordinarily employed in these cases, picketing involves systematic interference with the relations between the employer and his employees; and in the absence of a strike when unfair methods are employed in connection with such picketing, an injunction as a rule will issue.

Judgment for the defendant.