LOUIS DAITCH & Co., INC., Appellant, *v.* LOUIS COHEN, as President of the Retail Grocery and Dairy Clerks' Union of Greater New York, and Others, Respondents.

First Department, October 13, 1926.

**Trade unions — picketing — action to restrain defendants from picketing plaintiff's place of business — plaintiff has maintained open shop and no strike is in progress — peaceful picketing will be restrained.**

The peaceful picketing of the plaintiff's business by the defendants will be restrained, since it appears that the plaintiff has always maintained an open shop and employs only members of the family interested in the corporation, with the exception of some personal friends of the family, and since it further appears that a strike is not in progress; there being no strike, there is no legal justification for the acts of the defendants.

APPEAL by the plaintiff, L. Daitch & Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of September, 1926, denying plaintiff's motion for an injunction *pendente lite.*

*Alexander Rose* of counsel [*House, Grossman & Vorhaus* with him on the brief; *Hammel & Hecht,* attorneys], for the appellant.

*Henry O. Kahan* of counsel [*Harold J. Blackman* with him on the brief], for the respondents.

CLARKE, P. J. This plaintiff is a small private corporation doing a butter, egg and cheese business and owning and operating a number of stores. Two of plaintiff's stores in the borough of The Bronx are immediately affected by the acts of the defendants, a labor union, known under the title of Retail Grocery and Dairy Clerks' Union of Greater New York. All of the employees of the plaintiff are members of one family except some personal friends. It never conducted a union shop. It has had no employees at any time who were members of the defendant union. For forty-five days this defendant has been picketing the plaintiff's shops, carrying signs upon the street in front of them, the purpose being to force it to employ union men or to destroy its business. In *Hitchman Coal & Coke Co.* v. *Mitchell* (245 U. S. 229, 257) the court said: " Another fundamental error in defendants' position consists in the assumption that all measures that may be resorted to are lawful if they are ' peaceable '— that is, if they stop short of physical violence, or coercion through fear of it. In our opinion, any violation of plaintiff's legal rights contrived by defendants for the purpose of inflicting damage, or having that as its necessary

effect, is as plainly inhibited by the law as if it involved a breach of the peace."

This court said in *Yablonowitz* v. *Korn* (205 App. Div. 440), where the plaintiff conducted his business with the aid of his son and wife alone: "The defendants, however, picketed the shop and have since been picketing the shop and have been intimidating customers from coming there and by their acts and words threaten to ruin his business. The plaintiff sought an injunction to prevent the defendants from picketing his shop and interfering with his business. The Special Term denied the injunction sought by the plaintiff on the ground that there is no clear proof that these members of this union were guilty of any of the acts of violence and upon the recognized principles of law that they had the right to picket a shop, provided they do so in a peaceful manner without intimidation of any of the employees who were there working. This case, however, is different from the ordinary case. The plaintiff has attempted to employ no more men to work for him since the two men were taken away by the union and says he does not intend to, but this picketing is still kept up with the apparent purpose either of compelling him to employ helpers who are members of the union or of ruining his business."

Again: "Under the authorities, as well as under common sense a man has the right to conduct his business in such way as he desires and he should not be driven out of business by any combination of persons, especially where he employs no workmen and his family are the only ones who help him in the business. In *Curran* v. *Galen* (152 N. Y. 33) the court says: 'Every citizen is deeply interested in the strict maintenance of the constitutional right freely to pursue a lawful avocation, under conditions equal as to all, and to enjoy the fruits of his labor, without the imposition of any conditions not required for the general welfare of the community. The candid mind should shrink from the results of the operation of the principle contended for here; for there would certainly be a compulsion, or a fettering, of the individual, glaringly at variance with that freedom in the pursuit of happiness, which is believed to be guaranteed to all by the provisions of the fundamental law of the State.'"

We further said: "This is purely a high-handed attempt to run this man's business and all sense of fair play is outraged in allowing this picketing to continue. It is not for the purpose of assisting the employees, because those who were before employed had left and no new ones were employed. It is simply for the purpose of intimidating and coercing this plaintiff to hire union men."

6

There being no strike there is no legal justification for the acts of the defendants.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted.

DOWLING, FINCH, MCAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.   Settle order on notice.