L. DAITCH & CO., INC., Plaintiff, *v.* RETAIL GROCERY AND DAIRY CLERKS' UNION OF GREATER NEW YORK and Others, Defendants.

Supreme Court, New York County, March 31, 1927.

Trade unions — picketing — application for permanent injunction restraining officers and members of labor union from picketing in front of plaintiff's stores — defendants concede acts of violence were unlawful, but seek determination as to right to picket — court will not render decision upon hypothesis — plaintiff entitled to permanent injunction.

Plaintiff is entitled to a permanent injunction restraining defendant labor union, its officers and members, from picketing in front of several of the stores owned and operated by plaintiff, and from otherwise interfering with plaintiff's business, where it appears that defendants admit the acts of violence were unlawful and that an injunction should issue restraining them from the continuance thereof.

However, while picketing and the distribution of circulars with the avowed purpose of interfering with another's business, at a time when no strike is in progress, has been held to be unlawful, this court will not render decision as to whether or not defendants have a right to walk up and down in front of plaintiff's premises during business hours, displaying signs designed with the intent to dissuade customers from entering plaintiff's stores and thus compelling the proprietor to operate a union establishment, since that problem is merely academic and predicated upon a hypothesis.

APPLICATION by plaintiff for a permanent injunction against the defendant union, its officers and members, enjoining them from picketing in front of several of the stores owned and operated by plaintiff, and from otherwise interfering with plaintiff's business.

*Hammel & Hecht [Alexander Rose of counsel], for the plaintiff.*

*Morris Hillquit, for the defendants.*

GIBBS, J.   Plaintiff conducted a number of retail butter and egg stores in the city of New York.   Most of the persons employed in these stores were related to various members of the plaintiff corporation.   None of the employees were affiliated with the defendant union.   Upon the trial the defendants conceded that there was no strike called in any of these stores by any of the employees; that members of the defendant union walked up and down in front of plaintiff's places of business carrying signs of the union on their persons, which signs read: " Patronize only such stores where this sign is displayed in the window " (the sign referred to being the union emblem duplicated on the placard carried by the member of the union).   Some of these so-called pickets chanted statements in Jewish jargon attracting crowds who would listen to the representative of the union and thus be deterred from entering plaintiff's place of business.   Other members of the union would speak to customers, urging them to refrain from entering the store, while still others committed acts of violence upon customers of the plaintiff.   As a result of these acts, plaintiff's business has been damaged.

Defendants admit that the acts of violence were unlawful and that an injunction should issue restraining them from the continuance thereof.   They ask, however, an adjudication on the academic proposition as to whether they have a right to walk up and down in front of a place of business during business hours displaying signs designed with intent to dissuade customers from entering the store and thus compelling the proprietor to operate a union establishment, thereby raising and improving the economic and social conditions of the employees.

The court should not be required to render a decision upon an hypothesis.   Applications for injunctions must rest upon the specific facts in each case.   Each case, particularly of this type, has

individual complexion and character.   The evidence in the case at bar is analogous to the facts disclosed in the case of *Cushman's Sons, Inc.*, v. *Amalgamated Food Workers Bakers, Local No. 164* (127 Misc. 152, decided by this court April 16, 1926), in which the court said in part: " Union and non-union shops stand with their feet on the same level in the eyes of the law.   Coercive methods smacking of intimidation and compulsion whether employed by union or non-union agencies are equally repugnant to the spirit of our institutions. It is clear that the defendant union, although no strike is in progress, through its representatives has been ' picketing ' the premises of the plaintiff with the avowed purpose of dissuading the public from patronizing its stores, and compelling the plaintiff corporation to operate union bakeries with a union scale of wages.   The defendants boldly take the position that they have the right to press their demands on the plaintiff by the methods employed.   In this they are mistaken.   Picketing and distribution of circulars of the character alleged in this proceeding in the absence of strikes have been held to be unlawful.   [*Traub Amusement Co., Inc.*, v. *Macker*, 127 Misc. 335; *Bolivian Panama Hat Co.* v. *Finkelstein*, Id. 337; *Hitchman Coal & Coke Co.* v. *Mitchell*, 245 U. S. 229; *Grassi Contracting Co.* v. *Bennett*, 174 App. Div. 244; *Carnation Photoplay Co., Inc.*, v. *Basson*, 216 id. 769.] "

The order granting an injunction in pursuance of that decision was affirmed by the Appellate Division (*Cushman's Sons, Inc.*, v. *Goetfert*, 218 App. Div. 705).

Accordingly, I find that the acts of the defendants have been unlawful and plaintiff is entitled to the relief prayed for.   If defendants desire authority for the supposititious problem which they present with so much earnestness and enthusiasm, they may find it in the case of *Public Baking Co.* v. *Stern* (127 Misc. 229), which case is now on appeal to the Appellate Division.   Settle order on notice.