Max Hammer, Plaintiff, v. Jacob Baum, as Treasurer of the Waiters' Union, Local No. 1, an Unincorporated Association of Seven or More Persons, Defendant.

Supreme Court, New York County, February 13, 1930.

*Griffiths & Content* [*Charles H. Griffiths* of counsel], for the plaintiff.

*Goldstein & Goldstein* [*S. S. Goldsmith* of counsel], for the defendant.

Schmuck, J. Securely written into our law, and firmly intrenched as a sound civil principle, is the right of employees to organize as a union for the purposes of protection and the conservation of the rights of the employed against possible aggression by the employer. In furtherance of this prerogative, when dispute arises between employer and employee, the union may, to invite support of the public and present its side of the case, indulge in what is known as picketing, a means adopted to tangibly and forcibly make known the existence of a controversy. But this right must be exercised in the manner provided by law, and, given as a means of defense, may not be utilized as a weapon of ruthlessness and destruction. (*Traub Amusement Co.* v. *Macker*, 127 Misc. 335; *Hitchman Coal & Coke Co.* v. *Mitchell*, 245 U. S. 229.) In the course of a strike, the union has no more right than the employer to use force, coercion or intimidation, and, if unlawfulness, particularly

violence, is indulged in during the existence of a strike, the law will impose upon the guilty party as a penalty the withdrawal of the right to make appeal for public support, unquestionably a deciding factor in disputes between those engaged in occupations dependent upon patronage for success. Although concerned only at this time with the right of a union to picket, that right being viewed legalistically in the light of the equal right of the employer, it is well at this point to state that a union has no greater right to advance its principles and appeal for public approval than an employer, and that the law recognizes both and treats each with similar and equal impartiality, finding neither possessed of an advantage in law over the other. As was emphatically and unanswerably stated in the dissenting opinion of CRANE, J., in *Exchange Bakery & Restaurant* v. *Rifkin* (245 N. Y. 260, at p. 271), both employer and employee, capital and labor, have equal rights before the law, and fair play is called for on both sides.

In the matter under consideration the evidence clearly indicates that the union violated the rights of the plaintiff to his damage, entitling him to an injunction. Not satisfied with an orderly and peaceful picket, and, in order to force an early settlement, intimidation and force were resorted to. Employees of the plaintiff were assaulted and customers driven away. The right of the plaintiff to conduct his business in his own way was outraged, the law flouted and disregarded. This cannot and will not be countenanced. To do so would be dangerous economically and unsound legally. Persuaded by the evidence that the defendant union had determined to coerce the plaintiff to conduct his business in accord with its desires regardless of his individual wish, and in violation of his right, an injunction as prayed for will be granted with the reservations hereinafter specified. Believing that the defendant does not intend to use its right to picket in a lawful manner, a fact and not an assumption, if past conduct is any indication, and that a lawful end is sought to be achieved by unlawful means, the defendant will be denied the privilege to further picket. A careful review of the evidence does not satisfactorily establish plaintiff's claim to any definite sum as damages. While it is true the actions of the defendant must have and did occasion some actual damage to plaintiff, and caused a withdrawal of patronage, yet nothing sufficiently material in that respect was shown to warrant a satisfactory basis of estimate of the extent thereof.

Inasmuch as the court cannot definitely determine the wrongful acts of the defendant as the cause of plaintiff's loss of business and its consequent diminution of profits, the plea for a money judgment is denied. Submit findings and judgment accordingly.