ABERON BAKERY CO., INC., and Others, Plaintiffs, *v.* LAZAR RAIMIST and Others, Defendants.

Supreme Court, Bronx County, November 10, 1931.

*Meyer Levey* [*Goldwater & Flynn* of counsel], for the plaintiffs.

*Hartman, Sheridan, Tekulsky & Pecora* [*Thomas I. Sheridan* and *Philip Warren* of counsel], for the defendants.

COLLINS, J. This is a labor dispute. The plaintiff Metropolitan Bakeries and Lunch Room Association, Inc., is an association of master bakers; the remaining plaintiffs are master baker members of that association. The defendant Local No. 500, Bakery and Confectionery Workers International Union of America, is an unincorporated labor union of employee bakers. The con-

troversy arises from the employment by the plaintiff master bakers of members of another or rival labor union of employee bakers, denominated the Amalgamated Food Workers of America, and the plaintiffs' refusal to employ members of the defendant (international) union.

Alleged unlawful methods practiced by the defendant and its agents in attempting to persuade or compel the plaintiff master bakers to sever their relations with the Amalgamated, and to align themselves with the defendant International, constitute the bases for the injunctive relief here sought.

The plaintiff master bakers are committed to employ only members of the Amalgamated, which union has been in existence for more than a quarter of a century. The defendant International, challenging the genuineness and integrity of the Amalgamated, inaugurated a campaign to depose the latter, and to replace Amalgamated members with those of the International. In furtherance of this movement the defendant perpetrated a series of acts which the complaint groups as follows: (a) Distribution and dissemination of misleading circulars and notices. (b) Causing crowds to gather in front of places of business of plaintiffs, and making false and misleading statements reflecting upon the character of the business conducted therein. (c) Threats of illegal picketing. (d) Notices in newspapers making false assertions. And (e) threats, violence and intimidation.

At public gatherings, under defendant's auspices, the plaintiffs, and the bread made and purveyed by them, were denounced and condemned. As observed, plaintiffs' employees held membership in the Amalgamated, and although there was no strike in plaintiffs' shops, plaintiffs' stores were picketed and a course of illegal conduct was embarked upon. This suit followed. A preliminary injunction was granted, despite which the defendant pursued its tactics unabated. Thereupon it, and five of its active agents, were adjudged in contempt for violating the provisions of the injunction, and were fined. Simultaneously, the scope of the preliminary injunction was so extended as to forbid all picketing and all open-air gatherings. This order was affirmed by the Appellate Division (232 App. Div. 734), and leave by the Court of Appeals to appeal thereto was denied.

The plaintiffs insist that the prior adjudications, granting the temporary injunction, holding the defendant and others in contempt, and prohibiting all picketing and out-door meetings, *ipso facto* determine the issues here, and preclude further inquiry.

I cannot subscribe to such doctrine. To embrace it would be tantamount to holding that the granting of a preliminary injunction,

upon affidavits, eliminates the occasion or necessity for a trial. The mere statement of the proposition exposes its fallacy.

Frequently, the trial reveals different facts from those presented in the affidavits, or exhibits the same facts in a different light. Of course, the granting of the preliminary injunction cannot now be attacked, and the order adjudging the defendant and its agents in contempt, and enlarging the scope of the restraining order, is beyond further review. But the court is not thereby foreclosed from making such disposition of the issues as the facts now warrant. That, indeed, is the object of a trial. "The rule is well settled that in actions in equity where an injunction is asked for, the granting of a preliminary injunction on affidavits will not be regarded as *res adjudicata* when the case comes to be tried." (*Bomeisler* v. *Forster*, 10 App. Div. 43, 48.) Accordingly, I have considered the case upon the entire record.

Since labor is performed by human beings, it is not an article of commerce separate and apart from the laborer who performs it. Consequently, the law cannot compel the laborer to perform services against his will. Employees are free to organize for their collective good, to pursue peaceful methods of persuasion, and to resort to any and all lawful devices for the betterment of their common lot. In a democracy such as ours, freedom to work is parallel to freedom to conduct commerce unmolested. Freedom to work, or not to work, corresponds with the right to conduct a business in a lawful manner, without unlawful interference. The law safeguards and protects the rights of both the employer and the employed. Otherwise, "equality before the law" would be but a lifeless, sonorous expression.

And when employer and employee cannot compose their differences without resort to legal aid, the law must be meticulous to protect the employer in his right to lawfully pursue his business, and, at the same time, to refrain from exercising the crushing weapon of injunction to whip employees into submission. Every opportunity should be afforded the employee to elevate the standard of life, but the process of elevation must be peaceful, and not destructive of the rights of the employer. Naturally, the task thus imposed upon the courts is not always free from perplexity.

Conversion to the employee's cause by peaceable persuasion or picketing is an instrumentality both salutary and lawful. (*Nann* v. *Raimist*, 255 N. Y. 307.) "'Picketing' connotes no evil." (*Exchange Bakery & Restaurant Co., Inc.*, v. *Rifkin*, 245 N. Y. 260, 263.) But wanton or malicious picketing, picketing by coercion, terror, threats, trespass, intimidation or violence, or by false or deceptive utterance, is odious to justice and offends the law. The

scope of freedom is not so unbridled and limitless as to sanction transgression of another's conflicting rights. (*Auburn Draying Co.* v. *Wardell*, 227 N. Y. 1.)

The respective merits of the two unions here contesting are not so pertinent as to call for the declaration of a preference by the court. Which of the two is the better for employer or employee, which will subserve and promote the cause of the employees, which espouses the higher economic or other standards, which deserves the confidence and support of employee or employer, these and kindred matters are not for judicial determination. The answer belongs to those primarily interested and affected. Nor is the employer to be penalized for choosing between the two. (*Herzog* v. *Klein*, 131 Misc. 816, 819.)

With the above principles as a premise, I am persuaded that the plaintiffs are entitled to relief. This conclusion does not necessitate the acceptance of the entire testimony adduced by them. I am convinced, however, that the credible evidence, as a whole, sustains the plaintiffs' charges, and that, consequently, the acts complained of should, in the main, be permanently enjoined. The extent and scope of the relief presents a more difficult question, and calls for the exercise of the discretion lodged in a court of equity.

The plaintiffs urge that the defendant has forfeited the privilege of another chance to conduct its propoganda in a peaceful and lawful manner, and that the provisions heretofore made, depriving the defendant of any and all right to picket, and to foregather out-of-doors, should be incorporated in the judgment. (*Nann* v. *Raimist, supra; Exchange Bakery* v. *Rifkin, supra; Hammer* v. *Baum*, 136 Misc. 490.)

Since the defendant has an " indubitable right to win converts over to its fold by recourse to peaceable persuasion, and to induce them by like methods to renounce allegiance to its rival " (*Nann* v. *Raimist, supra*, 319), such right should not be abridged or denied unless compelled. (*Interborough Rapid Transit Co.* v. *Lavin*, 247 N. Y. 65, 79.)

" Whether the trial court in view of this record of defiance, would give the defendant still another chance to picket peacefully and in order, was something to be determined in the exercise of a wise discretion * * *. An injunction does not issue in such circumstances as punishment for the past * * *. Its only legitimate end is protection for the future." (*Nann* v. *Raimist, supra*, 315.)

Without challenging the correctness of the prior adjudications herein, it seems to me that, since our concern is with the future, and not the past, the defendant might be afforded another oppor-

tunity, if it chooses to exercise it, to so conduct its activities as to remain within the law. Peaceable picketing will be permitted but out-door meetings will be barred. Should the defendant, or its agents, violate the letter or spirit of the judgment to be entered herein, the plaintiff shall be at liberty to apply for such other, further or different relief as the facts and circumstances shall then warrant. The defendant's sincerity and good faith will be put to the test by its future conduct. If it again transgresses, it must reckon with the inevitable consequences.

Submit findings and judgment in accordance herewith on notice.