PETER TINERVIA et al., Doing Business as INDUSTRIAL WASTE DISPOSAL, Appellants, *v.* CARMINE VILLANO, Individually and as President of Private Sanitation Union Local 813, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL, et al., Respondents, et al., Defendants.

COHN, J. P. (dissenting). Plaintiff Salvatore Tinervia has been engaged in the waste disposal business since 1917. He operates a small business with only one truck and has in his employ one son, the other plaintiff, Peter. Plaintiffs have been conducting their business as a private sanitation service under the name Industrial Waste Disposal since 1947. Though self-employed, they joined defendant union in 1940, but later discontinued their membership.

As it appears that plaintiff Peter is not a self-employed independent agent, but is simply a son working for his father, any attempt to coerce him and his father into joining a union is not a labor dispute within the meaning of section 876-a of the Civil Practice Act. Whether the plaintiff and his son were

partners in the conduct of the business is immaterial. The law is well settled that in cases of this character no labor dispute exists and picketing is not permissible. (*Luft* v. *Flove*, 270 N. Y. 640; *Thompson* v. *Boekhout*, 273 N. Y. 390; *Yablonowitz* v. *Korn*, 205 App. Div. 440.) The purpose of the union in so doing cannot be deemed proper for organizational purposes or for better working conditions for there are here no employees except the owner's son.

In the case of *People* v. *Gassman* (295 N. Y. 254), upon which respondents seem to rely, the court held that the defendants there were not employees but were independent workmen. As such they had the right to organize for self-betterment and were exempt from the restrictions of the Donnelly Act (General Business Law, § 340). The decision is limited to the precise status of the "workers" involved in that case. They were not employed by anyone nor were they independent contractors, but "just as are window cleaners or furnacemen who go from house to house", (p. 260) were workingmen. Such was not the status of the father and son in the present case. The father is an independent contractor who under the *Gassman* case "can no longer enjoy the statutory privileges of a 'workingman'" (p. 261) and the son is simply an employee working for his father in a business owned and operated by his father.

The judgment should accordingly be reversed and the defendants should be restrained from interfering with plaintiffs or plaintiffs' customers.

Callahan, Breitel, Botein and Rabin, JJ., concur in decision; Cohn, J. P., dissents and votes to reverse and grant judgment in favor of plaintiffs.

Judgment affirmed, with costs.