No. 862

STATE ex HESS v. SMITH

Nos. 19998-19999.   Supreme Court

On motion to certify.  Dock. July 21, 1926; 4 Abs. 510.

1139.  TAXATION—Must a bank, upon demand by the County Auditor, disclose the bank balance of deceased depositors when taxation returns are to be corrected and revised?

The above actions were brought originally in the Hamilton Common Pleas by the State of Ohio and Hamilton County et al against R. Cliff Smith and ex parte R. Cliff Smith, cashier of the Citizens National Bank & Trust Company subsequent to the refusal of the defendants herein to disclose the bank balances of deceased depositors to the auditor after demand had been made.

Demand was made under 5401 and 5403 GC., which provides for the correction of tax returns, etc.   The judgment of the Common Pleas in favor of the Bank was affirmed by the Court of Appeals.

The State in the Supreme Court contends: that under 5401 and 5403 GC. the auditor may secure the desired information from a Bank.

Attorneys—Charles S. Bell for State ex; Murray Seasongood for Smith; both of Cincinnati.

---

No. 863

S. A. CLARK LUNCH CO. v. CLEVELAND WAITERS LOCAL

No. 19996.   Supreme Court

On motion to certify.  Dock. July 20, 1926 4 Abs. 510.

700.  LABOR UNIONS—May a complainant obtain an injunction against a union for peaceful picketing and attempting to cause a boycott to complainant's business?

This action was brought originally in the Cuyahoga Common Pleas by the S. A. Clark Lunch Company against Cleveland Waiters & Beverage Dispenser Local Union No. 106, for an injunction restraining the union from attempting to cause a boycott and peaceful picketing.

It appears that pursuant to the refusal by the Lunch Company to employ union labor and pay union wages that the union established pickets outside the Lunch Company's place of business who passed out cards stating that the Lunch Company was unfair to union labor and who attempted to influence prospective customers from patronizing the Lunch Company.

The judgment of the Common Pleas dismissed the petition and on appeal the Court of Appeals did likewise.

The Lunch Company in the Supreme Court contends:

1.  That the efforts of the Union is causing ruination to its business.

2.  That it is entitled to an injunction restraining the picketting complained of.

Attorneys—Calfee, Fogg & White for Company; Cline & Patterson for Union; all of Cleveland.

---

COMMON PLEAS COURT

No. 864

OESTERLEIN MACHINE CO. v. CINCI. STORAGE BATTERY CO.

Hamilton Common Pleas

No. 199804.

211.  CAUSES OF ACTION—Where two causes of action are contained in a petition, one based on tort and the other on contract under a lease, the lease is necessarily involved in the first cause of action and the causes are joinable as being transactions connected with the same subject of action.

DARBY, J.

The Oesterlein Machine Co. as lessor, brought an action in the Hamilton Common Pleas against the Cincinnati Storage Battery Co. for damages caused by the alleged negligence of the Battery Co. in allowing water and acid to seep onto the Machine Company's premises, both parties occupying the same building.  The second cause of action was under the lease, it being claimed that the Battery Co. in using more than eight dollars worth of water per month breached the contract between the parties.

The Battery Co. demurred to the plaintiff's petition on the ground that the two causes of action were not joinable; the first cause of action being based on tort and the second on contract.  The Court, in overruling the demurrer, held:—

1.  Under 11306 GC. causes may be joined if of the same transaction or transactions connected with the same subject of action.

2.  The test is not whether or not one action be in contract and the other in tort, but whether they fall within the classes set forth in 11306 GC.

3.  The transactions alleged are connected with the same subject of action in that both relate to the tenancy of the Battery Co.

4.  It would be necessary, in order to prove the first cause of action, to prove the tenancy, so that the lease must be considered as involved in the first cause of action.

5.  With causes so closely allied as these, there is no reason why plaintiff should be put to two trials.

Demurrer overruled.

Attorneys—E. R. Heisel for Machine Co.; Ritchie, Hermann & Ritchie for Battery Co.; all of Cincinnati.