## DRIGGS DAIRY FARMS, Inc v MILK DRIVERS AND DAIRY EMPLOYEE'S LOCAL UNION NO 361 et

Ohio Appeals, 6th Dist, Lucas Co

No 3010.  Decided Jan 28, 1935

Yager, Bebout & Stecher, Toledo, for plaintiff.

Edwin J. Lynch, Toledo, for defendants.

**OPINION**

By RICHARDS, J.

The defendants allege in their pleadings that an economic or trade dispute exists between them and the plaintiff, but the evidence fails to sustain such an allegation. The evidence does show that the plaintiff and the defendants do not have, nor have they had, any business relations with one another and that the difficulty between the parties arose by reason of the conduct of the defendants in undertaking to call a strike and in persisting in enforcing a boycott without any just cause.

The defendants further contend that the plaintiff has failed to comply with the provisions of the National Industrial Recovery Act. The evidence fails to show any noncompliance by the plaintiff with that act, but even if it did do so, this court does not understand that either the duty or privilege of enforcing that act rests upon the shoulders of any one or all of the defendants. The Federal Courts are quite in accord on the proposition that private individuals are without authority to invoke the jurisdiction of the court, under the provisions of the National Recovery Act.

Purvis et v Bazamore, 5 Fed. Supp., 230;

Stanley et v Peabody Coal Co., 5 Fed. Supp., 612;

Western Powder Mfg. Co. v Interstate Coal Co., 5 Fed. Supp., 619;

National Foundry Co. v Alabama Pipe Co. et, 7 Fed. Supp. 821.

The only contrary authority to which our attention has been called is an unreported decision of the Circuit Court of Milwaukee. Counsel cite **LaFrance Co. v Electrical Workers, 108 Oh St, 61.** That case was tried in this court and the decision is applicable to the case of an existing strike of employes, attended with violence. The facts in that case have little resemblance to those disclosed by the evidence in the case at bar.

Our attention is also called to **Clark Lunch Co. v Cleveland Waiters & Beverage Dispensers Local, 22 Oh Ap, 265 (4 Abs 669).** In that case the court held that the Union had a right, in a lawful way, to influence and control patronage, and it is significant that in the final sentence in the opinion the court used the following language:

"Plaintiff in the present case alleged unlawful conduct, and the burden is upon it to prove it. This it has not done."

In the instant case the plaintiff alleged unlawful conduct and has clearly established the same by the evidence.

Harvey v Chapman, 226 Mass., 191;

Stuyvesant Lunch & Bakery Co. v Reiner, 181 N. Y. Supp., 212.

The plaintiff is entitled to an injunction as prayed for, but not so as to prevent the defendants from reasonable and peaceable persuasion, using only the truth.

Judgment and decree for plaintiff. Injunction made perpetual.

OVERMYER and LLOYD, JJ, concur.