F. MARTINEAU & another *vs.* DAN FOLEY & others & trustees.

Franklin.    September 19, 1916. — October 18, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Malicious Interference.  Labor Union.  Pleading, Civil,* Declaration.

A declaration, alleging that the defendants, without justifiable cause and maliciously intending to injure the plaintiffs in their business, circulated a notice among masons and journeymen masons that the plaintiffs had "been working non-union masons," that as a result of the circulation of this statement the plaintiffs had been prevented from employing or contracting with master masons or journeymen masons and from carrying on their business and thereby had suffered loss and damage, states a cause of action and is good upon demurrer.

A declaration alleging merely that the defendants are members of a certain bricklayers' and plasterers' union and that this organization, intending and designing to injure the plaintiffs in their business, without justifiable cause passed a vote giving notice that the plaintiffs had "been working non-union masons" and circulated a copy of the vote among master masons and journeymen masons, whereby the plaintiffs were injured in their business, is bad on demurrer; because it contains no allegations that the defendants voted or otherwise acted on or assented to the vote or that they took part in or assented to the circulation of a copy of the vote.

TORT as set forth below.  Writ dated August 19, 1915.

The plaintiffs' declaration originally contained two counts.  A demurrer of the defendants was sustained by *Callahan,* J., and thereafter the plaintiffs amended their declaration by inserting certain words in the first and second counts and adding a third count which was not demurred to.

The first and second counts of the amended declaration were as follows:

"First Count: Now come the plaintiffs in the above entitled action and say that the defendants, without justifiable cause, and maliciously intending and designing to injure the plaintiffs in their business, did conspire together to deprive the plaintiffs of means of carrying on their business by attempting to prevent and by preventing the plaintiffs from employing master masons and journeymen masons in their business, and for said purpose did circulate a certain communication, a copy whereof is hereto annexed,

marked 'A,' among masons and journeymen masons; and the plaintiffs say that as a result of the circulation of said statement they have been and are prevented from employing or contracting with master masons or journeymen masons, and from carrying on their business, and have suffered great loss and damage by reason thereof.

"Second Count: — And the plaintiffs say that the defendants are members of an association known as 'Bricklayers' and Plasterers' Union No. 36,' operating in Greenfield, in said County of Franklin; that said organization, intending and designing to injure the plaintiffs in their business, and without justifiable cause, did pass a certain vote, copy whereof is hereto annexed, marked 'A,' and did circulate said vote among master masons and journeymen masons, with intent and for the purpose of preventing the plaintiffs from employing or contracting with said master masons and journeymen masons to perform services for them, and the plaintiffs say that the defendants, by the circulation, have heretofore deprived and are now depriving the plaintiffs of their right to employ or contract with said master masons and journeymen masons by intimidating said master masons and journeymen masons, and the plaintiffs have suffered great damage thereby."

The copy marked A annexed to the declaration was as follows:

"Bricklayers' and Plasterers' Union No. 36
of Massachusetts.

Headquarters                                    Meetings
304 Main Street.              1st and 3d Wednesday Evenings.
                             Greenfield, Mass., July 11, 1915.

A. O. Merriam.
Phillips St.
Greenfield, Mass.
Dear Sir:

"A notice is hereby given to all Union Contractors that it was voted that all Union Masons will not work for Martineau & Son Contractors of Turners Falls until further notice as the said firm has been working non union masons.

Bricklayers & Plasterers Int Union No. 36"

The defendants then demurred to the first and second counts of the declaration as amended, and assigned as a cause of demurrer

the following: "Because the plaintiffs have not stated in said declaration or in either of the said first and second counts thereof, as amended, any legal wrong constituting a legal cause of action upon which the plaintiffs are entitled to recover damages against the defendants in the form of action set forth."

The case was heard on the demurrer by *Callahan, J.*, who made an order sustaining the demurrer. The plaintiffs appealed.

*W. A. Davenport*, (*A. S. McLaud* with him,) for the plaintiffs.

*J. F. Jennings*, for the defendants.

PIERCE, J. The allegations of the amended first count disclose a good cause of action; they are sufficient in form and substance to warrant the introduction of testimony to prove that the defendants, without justifiable cause and maliciously intending and designing to injure the plaintiffs in their business, circulated a notice among masons and journeymen masons that the firm consisting of the plaintiffs "has been working non union masons," that they knew that the statement was untrue, that it was calculated in the ordinary course of events to prevent the plaintiffs from employing or contracting with master masons, that in fact such result followed upon the publication and that therefrom actual damage resulted to the plaintiffs. The charge, otherwise stated, is that the defendants intended to cause damage to the plaintiffs and used the notice as a means to that end, well knowing that the class of persons to whom the notice was directed would be induced thereby to refuse to have business relations with a firm that employed non-union workmen.

There is nothing in the allegations to the effect that the plaintiffs were in dispute with employees or with the union, and, so far as may be inferred, the action of the defendants as members of their union was taken with a purpose to cause damage to the plaintiffs because of their relation to unionism, with the motive to thereby strengthen the local union and place it in better position to assert its demands for a union shop.

This motive, if it existed, affords no justification or excuse for their conduct. *Hartnett v. Plumbers' Supply Association*, 169 Mass. 229, 235. *Plant v. Woods*, 176 Mass. 492. *Reynolds v. Davis*, 198 Mass. 294. *Folsom v. Lewis*, 208 Mass. 336. *Hoban v. Dempsey*, 217 Mass. 166, 171. *Burnham v. Dowd*, 217 Mass. 351. It follows that the demurrer to the first amended count

should have been overruled. *Walker* v. *Cronin,* 107 Mass. 555, 562. *Sherry* v. *Perkins,* 147 Mass. 212. *Morasse* v. *Brochu,* 151 Mass. 567. *Moran* v. *Dunphy,* 177 Mass. 485. *Pickett* v. *Walsh,* 192 Mass. 572.

The demurrer to the amended second count was sustained rightly, as that count contains no allegation that the defendants voted or otherwise acted or assented to the vote or to the circulation of a copy of the vote.

> *Judgment reversed.*
> *Demurrer to first count overruled.*
> *Demurrer to second count sustained.*