FERDINAND MARTINEAU & another *vs.* DAN FOLEY & others & trustees.

Franklin.    September 17, 1918. — October 18, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Conspiracy.    Unlawful Interference.    Labor Union.*

In an action by a building contractor against the members of a bricklayers' union for damages resulting from a conspiracy against the plaintiff and malicious interference with his business, there was evidence that the defendants, in pursuance of a common purpose agreed upon by them in combination, without any previous complaint or request to the plaintiff, sent out to mason contractors a notice that union masons would not work for the plaintiff until further notice as he "has been working Non Union Masons," that this was done under a vote passed by the union, "that all contractors be notified not to do any more work" for the plaintiff, "because all union men are to keep away from his jobs because he hires non-union masons," that the statement was untrue, as the only non-union mason employed by the plaintiff was one employed two months before to do seven hours' brickwork and the plaintiff did not know that he was a non-union man, that the plaintiff saw the president of the union and told him that he was willing to sign any agreement, but that the union at a subsequent meeting refused to take any action, and that the plaintiff, being unable to hire bricklayers by reason of the defendants' acts, took no more building contracts and suffered pecuniary loss.    *Held,* that the plaintiff was entitled to go to the jury.

In the same case it also was *held,* that the sending out of the false statement with intent to destroy the plaintiff's business was malicious within the legal meaning of that word, being without legal justification, and entitled the plaintiff to recover substantial damages from each defendant who participated in the conspiracy irrespective of the degree of his activity in the wrongful acts.

TORT by copartners engaged in the building business in Turners Falls against the members of an association known as the Bricklayers' and Plasterers' Union No. 36 for damages resulting from a conspiracy against the plaintiffs and malicious injury to the plaintiffs' business.    Writ dated August 19, 1915.

In the report of this case at a previous stage contained in 225 Mass. 107, it is stated that, after the sustaining by *Callahan, J.,* of a demurrer of the defendants, the plaintiffs amended their declaration by inserting certain words in the first and second counts "and adding a third count which was not demurred to." The last part of this statement, which is enclosed in quotation marks, is erroneous. It should have been as follows: A motion to add a third count was denied.

The defendants demurred to the first and second counts as amended and the demurrer was sustained by *Callahan, J.,* and, on appeal to this court, by the decision reported in 225 Mass. 107, the demurrer to the first count was overruled and the demurrer to the second count was sustained.

Thereafter the case was tried on the first count before *Jenney, J.* The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendants made a motion that a verdict be ordered for the defendants. The judge denied the motion. Thereupon the defendants, among other requests, asked the judge to make the following ruling: "On the evidence, at the most, only nominal damages can be awarded against any defendant." The judge refused to make this ruling and submitted the case to the jury, who returned a verdict for the plaintiffs in the sum of $4,000; and the defendants alleged exceptions. The exceptions alleged included exceptions to certain portions of the judge's charge, but these exceptions, as stated in the opinion, were not argued by the defendants. There were also exceptions to the admission of certain evidence, which are summarized briefly in the opinion. The material exceptions were to the denial by the judge of the motion to order a verdict for the defendants and to his refusal to make the ruling requested.

*J. F. Jennings & W. P. Jennings,* for the defendants, submitted a brief.

*W. A. Davenport,* for the plaintiffs.

De Courcy, J. The principal questions raised by the exceptions are, whether the evidence warranted a verdict for the plaintiffs, and, if so, whether the verdict could be for more than nominal damages. The jury could find the material facts to be as follows: The plaintiffs, Ferdinand Martineau and Arthur F. Martineau,

had been engaged in the building contracting business at Turners Falls since June 1, 1905, under the firm name of F. Martineau and Son. For some years the net annual profits of the business were $3,000, after each partner had withdrawn $1,500 as wages. In July, 1915, they had entered into certain contracts to erect and alter buildings, and were negotiating for others, intending themselves to do the carpenter work. They asked one Merriam, a mason contractor, to do the plastering or brickwork for them on a town hall job, but he refused, showing them the following notice:

"Bricklayers' and Plasterers' Union, No. 36
of Massachusetts.

Headquarters                              Meetings
   304 Main St.                    1st and 3d Wednesday Evenings
                                   Greenfield, Mass., July 11, 1915.

A. O. Merriam
   Phillips St.,
      Greenfield Mass.
Dear Sir:

A notice is hereby given to all Union Contractors that it was voted that all Union Masons will not work for Martineau & Son Contractors of Turners Falls until further notice as the said firm has been working Non Union Masons.

Bricklayers' & Plasterers' Int Union No. 36."

Similar notices had been sent to the other mason contractors in the vicinity who had working agreements with the union. This was pursuant to a vote passed by the union on July 9, 1915, "That all contractors be notified not to do any more work for Mr. Martineau & Son, contractors, Turners Falls, because all union men are to keep away from his jobs because he hires non-union masons."

The plaintiffs had not been asked to enter into any agreement with the union, never had received any complaint from the organization, and were not notified that such a vote was contemplated or was passed. On learning of the notice, one of the plaintiffs saw the president of the union, and told him they were willing to sign any agreement; but the union at a subsequent meeting discussed the matter and refused to take any action. As the plaintiffs were unable to hire bricklayers they took no more build-

ing contracts. Ferdinand obtained employment as foreman in a mill, and Arthur F. worked wherever he could get a job.

As matter of fact, it was not true that the plaintiffs customarily hired non-union masons, as the notice implied. The only semblance of support for that statement was the employment of one Vivier, two months before, to do seven hours' brickwork on the town hall job; and they did not know he was a non-union man.

These facts, and their legitimate inferences, plainly show an intentional and harmful interference with the business of the plaintiffs. The defendants not only refused to have business relations with the plaintiffs, but combined to prevent contracting masons from having business relations with them. It is apparent from the charge of the trial judge that the wrongful act of the defendants on which the plaintiffs relied was the means employed by the members of the union to accomplish their purpose, — namely, the circulation of a statement which was known to be untrue and was circulated to prevent the plaintiffs from employing or contracting with master masons. Even assuming that the purpose of the defendants was a lawful one, the means they employed to accomplish it were unlawful. The sending out of this false statement, with intent to destroy the business of the plaintiffs, was malicious within the legal meaning of that word, was without legal justification, constituted an unlawful conspiracy, and entitled the plaintiffs to recover substantial damages. *M. Steinert & Sons Co.* v. *Tagen,* 207 Mass. 394. *Martell* v. *White,* 185 Mass. 255. *Burnham* v. *Dowd,* 217 Mass. 351, 360. *Cornellier* v. *Haverhill Shoe Manuf. Association,* 221 Mass. 554, 562. The peaceful persuasion act does not purport to justify attempts to persuade which are "a part of an unlawful or actionable conspiracy." St. 1913, c. 690.

It may be added that the defendants have not argued their exceptions to portions of the judge's charge. We find no error therein.

The gist of the action was not the alleged conspiracy, but the damage inflicted in pursuance of it. But, when a conspiracy was shown, the plaintiffs could look beyond the secretary who sent out the untrue and harmful notices, and recover from each defendant who participated in the conspiracy, irrespective of the degree of his activity in the wrongful act. The jury were warranted

in finding that these defendants either authorized or adopted the circulation of the untrue notice, or that it was sent out in pursuance of the common purpose agreed on by the combination. Evidence in support of this conclusion appeared, for instance, in the provisions of the by-laws of the union, binding each member to acquiesce in the will of the majority; the terms of the agreement between the union and the contractors and builders; the answer to interrogatory 16, that the notice complained of was mailed by the defendant Foley "As corresponding secretary, acting in his official capacity, on behalf of the Union as such;" the stipulation at the trial that all the defendants were members of the union when the vote was passed and when the notice was sent out, and were bound by the answers; the action of the union at its regular meetings in declaring and enforcing the boycott against the plaintiffs, in pursuance of the object of the association to compel the exclusive employment of union labor; and the failure of any of the defendants to dissent from the use of the wrongful means employed. *Burnham* v. *Dowd,* 217 Mass. 351. *Harvey* v. *Chapman,* 226 Mass. 191, and cases cited. *Martineau* v. *Foley,* 225 Mass. 107. *Baush Machine Tool Co.* v. *Hill, ante,* 30. *Lawlor* v. *Loewe,* 235 U. S. 522. *Hitchman Coal & Coke Co.* v. *Mitchell,* 245 U. S. 229, 249.

What has been said disposes of all the exceptions of the defendants except those relating to the admission of evidence. The competency of many of the questions objected to is too plain for discussion. That is true, for instance, of the question to the defendant Alex, president of the union, "What did this young Mr. Martineau say to you?", and the answer "He asked me what . . . the union had decided." The testimony of the plaintiff Arthur F. Martineau that he could not get bricklayers, and consequently could not go on with the Chevalier and Chapman street jobs, and that their profits on these contracts would be about $200 on one and ten per cent of the cost of the building on the other, were admitted rightly. The plaintiffs had been employed by Chevalier to do his work on a percentage basis, and their bid on the Chapman Street job had been accepted. Many other questions were rendered harmless by the answers given. The defendants themselves put in evidence the length of time which Vivier worked for the plaintiffs, and cannot complain that the

plaintiffs were permitted to prove that same fact. Upon examination we find no merit in the exceptions taken to the admission of evidence.

*Exceptions overruled.*