statutory period of limitations, which expired on December 2, 1872.

With the easement from the land of the defendant to Savin Hill Avenue arising from a grant or reservation and not by prescription, the measure of that right is its availability for every reasonable use to which the dominant estate may be devoted, and this use may vary from time to time with what is necessary to constitute full enjoyment of the premises. The reservation and the grant, so far as any evidence discloses, are in the most general terms without limitation or restriction.   Such a way is not limited to the purposes for which the dominant estate was used at the time the way was created.   *Crosier* v. *Shack*, 213 Mass. 253.   *Parsons* v. *New York, New Haven & Hartford Railroad*, 216 Mass. 269, 273.   *Randall* v. *Grant*, 210 Mass. 302, 304.   *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad*, 215 Mass. 381.   We do not think the proposed use of the easement exceeds the rights granted and reserved.   It follows that the bill was dismissed rightly with costs.

*Decree affirmed with costs.*

---

JOSEPH C. GOYETTE *vs.* C. V. WATSON COMPANY.

Suffolk.   March 26, 1923. — June 11, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, & CARROLL, JJ.

COLLIS LOVELY & others *vs.* AUSTIN E. GILL & others.

KNIPE BROS., INC. *vs.* GEORGE WHITE & others.

Essex.   March 14, 1923. — June 11, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Labor and Labor Union. Strike. Evidence*, Extrinsic affecting writing. *Equity Jurisdiction*, Specific performance, To enjoin unlawful interference. *Unlawful Interference. Contract*, Validity. *Equity Pleading and Practice*, Parties, Decree. *Restraint of Trade. Monopoly.*

A suit in equity by a labor union against a shoe manufacturer to require specific performance of an alleged " verbal and written agreement " to continue certain provisions of an expired agreement as to relations, other than