WILLIAM C. TOMPKINS *vs.* JOHN M. SULLIVAN & others.

Suffolk. March 4, 1941. — September 8, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Unlawful Interference. Equity Pleading and Practice*, Findings by judge, Parties. *Labor Union. Joint Tortfeasors. Malice.*

A decree dismissing a bill in equity was reversed upon appeal and a decree for the plaintiff was ordered where the material subsidiary findings reported by the trial judge without a report of evidence required conclusions of fact contrary to those which were the basis of the decree and established the plaintiff's right to relief.

Conduct of a group of truck operators, having contractual relations with a company for transportation of its goods, in inducing a labor union to compel the company by means of an unlawful strike to make a contract with the union which the union's officials knew would interfere with a contract of another operator with the company to his substantial damage, was wrongful and entitled the injured operator to relief against both the officers of the labor union and the other truck operators by way of damages and an injunction against interference with his contract, although such conduct on the part of the union officials was not due to ill will on their part toward him.

Intentional and unjustifiable interference with a contract with the knowledge that it would harm one of the parties to the contract was legally malicious toward him although done without actual ill will.

A company having a contract with a truck operator for transportation of its goods was not a necessary party to a suit in equity brought by him

to enjoin other operators and a labor union from interfering with his contract by compelling the company, through an unlawful strike, to make with the union a contract interfering with that of the plaintiff to his substantial damage.

BILL IN EQUITY, filed in the Superior Court on April 3, 1940.

The suit was heard by *Morton*, J.

*N. Robins*, for the plaintiff.

*D. G. Nagle*, for the defendants Sullivan and others.

*J. F. Connolly*, for the defendant Kielty.

*J. F. Welch*, for the defendants O'Reilly and others, submitted a brief.

Cox, J. This is a bill in equity in which the plaintiff alleges, in substance, that the defendants, some of whom are officers and members of a labor union and the others truck operators, conspired to interfere with his business and contractual relations with a company for which he and the other truck operators transported goods. The evidence is not reported and the trial judge made a report of material facts, evidently in accordance with G. L. (Ter. Ed.) c. 214, § 23. A decree dismissing the bill was entered, and, in the circumstances, must be affirmed if the conclusions of fact of the trial judge are consistent with the specific facts found by him, and these conclusions, in connection with the specific facts found, support the decree. *Goldston* v. *Randolph*, 293 Mass. 253, 255, and cases cited. See *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 562.

The judge found that in 1935 the plaintiff became a truck operator for the company in question "under a contract," and that the other truck operators, who are defendants, also had contracts with the company. Prior to 1938, the transportation business of the company was rotated at night, and the goods were offered to operators in the order of their calling for them during the daytime. Prior to May, 1938, the plaintiff was getting a large part of the company's business and had increased the number of trucks that he was operating. Included in his business was the "regular Cape run, so called, to Provincetown." His earnings were substantial. The other operators were notified

that one or more of their trucks would be laid off, and it was largely in consequence of this that the acts complained of were done. They requested the union involved, or its officers, "to start proceedings to effect a contract with the Company providing that the work should be rotated according to seniority, the term 'seniority' applying to the time that each operator first did business . . . for the Company." As a result, the three members of the union who are named as defendants, "as officers or members" of the union, called a strike of its members "who were the ones who drove the trucks engaged in the transporting of goods for the Company." This strike lasted a day and a half and was called for the purpose "of requiring the Company to enter into the agreement above referred to, which was done and the agreement was executed . . . and provided, among other things, that 'When it becomes necessary to lay off equipment seniority shall prevail. The work on the runs shall be rotated.'" Although the judge specifically found that the officers or members of the union joined in calling this strike for the purpose already stated, he found that they did so "not in consequence of ill will or malice toward the plaintiff and with no specific intention to injure . . . [him], although they realized that as a result of the contract substantial injury would be done to him as . . . [he] was listed near the end of the seniority list, so called." As a result of the contract he sustained substantial financial injury. There was no complaint on the part of the members of the union with regard to the conduct of the business of the operators so far as the company was concerned, and no complaint on the part of the company as to the way its business was handled by the operators and members of the union. There was no labor dispute within the meaning of that term "as defined in G. L. c. 214 or c. 149 or St. 1935, c. 407." The ultimate conclusion of the judge was that there was no actionable tort committed by the defendants, or any of them, as against the plaintiff, and that the object of the contract was justifiable and legal.

We are of opinion that the conclusions of fact of the

trial judge are inconsistent with the specific facts found by him. The plaintiff had a contract with the company. Included in his business, the earnings from which were substantial, was "the regular Cape run." The other truck operators requested the union "to start proceedings," and, "As a result of this," a strike was called for the purpose of requiring the company to enter into the agreement, which it did, as a result of which the plaintiff sustained substantial damages. Furthermore, the officers and members of the union realized that this very result would follow, and all this in face of the fact that at the time there was no labor dispute and no complaint that would otherwise justify the calling of the strike. The plaintiff's business was interfered with for the purpose of compelling the company to withhold or to divert some of his business to some of the defendants, and those who interfered are responsible for the harmful consequences unless a legal justification for such interference appears. *Martell* v. *White*, 185 Mass. 255. *Beekman* v. *Marsters*, 195 Mass. 205, 210. *Godin* v. *Niebuhr*, 236 Mass. 350, 351. *Yankee Network, Inc.* v. *Gibbs*, 295 Mass. 56, 59, 60, and cases cited. *Mogul Steamship Co. Ltd.* v. *McGregor, Gow, & Co.* 23 Q. B. D. 598, 614. See *Anderson* v. *Moskovitz*, 260 Mass. 523, 526, and cases cited; *Comerford* v. *Meier*, 302 Mass. 398, 404, 405, and cases cited; *Quinton's Market, Inc.* v. *Patterson*, 303 Mass. 315. The findings fail to show justification for the methods adopted by the defendants in interfering with the plaintiff's business in the exercise by them of any right of free competition or of any other right of equal dignity with the rights of the plaintiff.

It appears that the employees of the plaintiff, as well as those of the other truck operators, were members of the union, and that the contract that was entered into as a result of the strike provided that the work should be confined to the operators who were then working for the company, and that they should be those "employing" members of the union. The conclusion of the trial judge was that the object of the contract was justifiable and legal. This conclusion, however, is not controlling in face of the specific

findings that the plaintiff's business was interfered with and that thereby the plaintiff was substantially damaged, where, as here, the means adopted to bring about the contract were wrongful. See *Neustadt* v. *Employers' Liability Assurance Corp. Ltd.* 303 Mass. 321, 325.

The trial judge also found that the calling of the strike was not in consequence of ill will or malice toward the plaintiff, nor with the specific intention of injuring him, although the defendants who called the strike "realized that as a result of the contract substantial injury would be done to" the plaintiff. Where, as here, the defendants, without justification, intentionally and harmfully interfered with the plaintiff's business, that is proof of malice within the meaning of that word as it is used in cases where it has been said that a defendant is not liable unless he acts maliciously. *McGurk* v. *Cronenwett*, 199 Mass. 457, 461–462. *Martineau* v. *Foley*, 231 Mass. 220, 223, and cases cited. *Godin* v. *Niebuhr*, 236 Mass. 350, 351. *Sullivan* v. *Barrows*, 303 Mass. 197, 203. *Mogul Steamship Co. Ltd.* v. *McGregor, Gow, & Co.* 23 Q. B. D. 598, 611–620. The case at bar is distinguishable from *Robitaille* v. *Morse*, 283 Mass. 27, 31, 32, and cases cited.

The trial judge found that "the operators were not parties to any conspiracy or joint action, except as" set out in his findings, the material parts of which have already been referred to. We think it follows that the operators are bound by the acts of the other defendants made in pursuance of the common object. *Commonwealth* v. *Coshnear*, 289 Mass. 516, 526, and cases cited. *Commonwealth* v. *Benesch*, 290 Mass. 125, 132–133.

The objection that the company has not been made a party does not prevent affirmative relief being given to the plaintiff. No attempt is made to have the contract between the union and the company declared invalid. See *Goyette* v. *C. V. Watson Co.* 245 Mass. 577, 596. No rights of the company are invaded if the defendants are enjoined from interfering with the contract that the plaintiff has with it, and if they are required to respond in such damages as the plaintiff may be able to show that he has sustained

by reason of their wrongful conduct.  *Beekman* v. *Marsters*, 195 Mass. 205.  *Tracey* v. *Osborne*, 226 Mass. 25.  *Service Wood Heel Co. Inc.* v. *Mackesy*, 293 Mass. 183.  *Yankee Network, Inc.* v. *Gibbs*, 295 Mass. 56.  *Sullivan* v. *Barrows*, 303 Mass. 197.

It follows that the decree is reversed, that the plaintiff is entitled to an injunction restraining the defendants from interfering with his contract with the company, that the case is remanded to the Superior Court for the purpose of assessing such damages as the plaintiff may show he has sustained, and that the plaintiff is to have his costs.

*Ordered accordingly.*