FASHIONCRAFT, INC. *vs.* JACK HALPERN & others.

Suffolk. November 6, 1942. — March 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Labor and Labor Union. Unlawful Interference. Strike. Picketing. Constitutional Law, Freedom of speech. Equity Pleading and Practice, Parties, Injunction.*

Peaceful picketing by a labor union of the premises of an employer who had had no contractual relations with the union and no controversy with his employees, some of whom joined the union after the picketing began and participated therein, was unlawful and was properly enjoined where its purpose was to compel the employer to adopt a closed shop.

The substantive law as to the illegality of a strike or picketing for a closed shop was not changed by St. 1935, c. 407.

The freedom of speech clause of the Federal Constitution does not preclude the courts of this Commonwealth from enjoining peaceful picketing conducted for a closed shop, a purpose unlawful under the law of the Commonwealth.

The fact that officers of a labor union, defendants in a suit to enjoin picketing, did not fairly represent the other members of the union, did not make improper an injunction against them personally and as such officers but not against the other members of the union.

An injunction against a defendant's conducting himself in a certain manner should not be issued in the absence of proof that he has so conducted himself or is likely to do so.

BILL IN EQUITY, filed in the Superior Court on March 24, 1942.

The suit was heard by *O'Connell*, J.

*G. E. Roewer*, for the defendants.

*S. B. Stein*, (*C. Evans* with him,) for the plaintiff.

RONAN, J. The plaintiff, a manufacturer of rain-proof garments, brings this bill in equity against the defendants Barker, Mussman and Fraioli, officers and members of the Waterproof Garment Workers' Union, Local 24, hereafter called the local, and against the defendants Roberts and Halpern, the regional director and organizer respectively of the International Ladies' Garment Workers' Union, hereafter called the international union, and against the defendant Levenson, a member of a third union, to enjoin all the defendants and members of the local and the international union from continuing a strike against the plaintiff. The defendants appealed from a final decree restraining them from maintaining the strike.

The facts appear in the report of material facts made by the trial judge. A controversy existed in the middle of February, 1942, between the local and an association composed of manufacturers of rain coats, relative to the renewal of a contract between them. The local declared a strike against the members of the association and also the plaintiff. The president of a large manufacturing plant, who was the president of this association, held himself out as authorized to speak for all the members of the association, some of whom were proprietors of "open shops," so called. The officers of the local, relying upon the representations of the president of the association, mistakenly, but in good faith, believed that the plaintiff was a member of this association when the vote to strike was taken. The plaintiff at that time had no contractual relations with the local and none of its employees, all of whom were satisfied with their wages and terms of employment, were members of the local. One employee joined the local before the strike began on February 24, 1942, and thereafter and up to the time of the trial, twenty-nine out of sixty employees of the plaintiff had become members of the local. Some of them engaged

in picketing the plaintiff's premises.  The judge found that the picketing, which began on the last mentioned date, has been conducted in a peaceable manner although a larger number of pickets than reasonably necessary and generally in excess of the number authorized by the police has been maintained in front of the plaintiff's plant which had only a small street frontage.  He also found that there was "'Mass Picketing,' that is, making a demonstration not necessary for reasonable or effective 'picketing' . . . [which] met with definite objection by the police."  The picketing has prevented the plaintiff from receiving shipments by express or vehicles operated by members of other unions and has compelled it to rely wholly on the parcel post.  It has thereby been greatly handicapped in conducting its business.  The business is of an interstate character. The object of the local is to secure a closed shop.  Efforts to settle the strike with the aid of the State Board of Conciliation and Arbitration failed because the plaintiff refused to submit the issue of a closed shop to the board and took the position that if a majority of its employees were members of the local, then the latter could be certified as the representative of the employees for the purpose of collective bargaining by proceedings before the National or State labor relations board.  The assistance of neither board has been sought.  The judge found that the strike had no basis as a labor dispute between the local and the plaintiff and that the employees of the latter were in no sense parties to the strike which has caused injury and hardship to the plaintiff.  A decree followed enjoining the defendants, individually, and as officers or agents or as associated co-agents of the local and the international union, from picketing in the vicinity of the plaintiff's premises and from representing to those entering or leaving them that a strike exists so long as they act or purport to act under the alleged strike of February 24, 1942.

The defendants contend that there was error in enjoining them from picketing and from representing that a strike exists and in having the decree run against the international union.

A combination of workmen, who have inflicted injuries upon a plaintiff's business for the purpose of compelling him to grant their demands is amenable under the common law of this Commonwealth for the perpetration of an actionable wrong, unless such conduct is justified on the ground that it resulted from the exercise by the defendants of a right equal or superior to the right of the plaintiff to be left alone. And the justification for the commission of acts that are ordinarily tortious in their nature and character must rest upon the fact that the defendants themselves sought to acquire a direct and immediate, rather than a remote or secondary, benefit from such acts. Whatever advantage might in general accrue to trade unionism by the acquisition of a closed shop arrangement with an employer, there is not sufficient relationship between the aim sought and the self interest of the strikers to justify the intentional infliction of harm on another. A strike for a closed shop has, accordingly, been held to be a strike for an unlawful purpose. *Reynolds* v. *Davis*, 198 Mass. 294. *Folsom* v. *Lewis*, 208 Mass. 336. *Cornellier* v. *Haverhill Shoe Manufacturers' Association*, 221 Mass. 554. *Baush Machine Tool Co.* v. *Hill*, 231 Mass. 30. *Folsom Engraving Co.* v. *McNeil*, 235 Mass. 269. *Quinton's Market, Inc.* v. *Patterson*, 303 Mass. 315. On the other hand, agreements voluntarily made between an employer and a union calling for a closed shop have always been recognized and enforced in this Commonwealth. *Hoban* v. *Dempsey*, 217 Mass. 166. *Shinsky* v. *O'Neil*, 232 Mass. 99. *Smith* v. *Bowen*, 232 Mass. 106. *Goyette* v. *C. V. Watson Co.* 245 Mass. 577. *A. T. Stearns Lumber Co.* v. *Howlett*, 260 Mass. 45, 61, 65. *Walter* v. *McCarvel*, 309 Mass. 260.

Picketing by strikers has been authorized by a statute in this Commonwealth for more than a quarter of a century. General Laws (Ter. Ed.) c. 149, § 24, as amended by St. 1933, c. 272, provides that one may attend, "in the course of a lawful trade dispute, at any place where such person or persons may lawfully be, for the purpose of peacefully obtaining or communicating information or of so persuading or attempting to persuade." This statute has always been

interpreted as applying only to a lawful strike. *Martineau v. Foley*, 231 Mass. 220. *United Shoe Machinery Corp.* v. *Fitzgerald*, 237 Mass. 537. *Rice, Barton & Fales Machine & Iron Foundry Co.* v. *Willard*, 242 Mass. 566. *Samuel Hertzig Corp.* v. *Gibbs*, 295 Mass. 229.

A strike for a closed shop has not become legal and the lawful limits of picketing have not been extended by St. 1935, c. 407, which in its present form appears as G. L. (Ter. Ed.) c. 149, §§ 20B, 20C; c. 214, §§ 1, 9, 9A; c. 220, §§ 13A, 13B. That statute, with an exception not now material, deals entirely with questions of jurisdiction, the conditions upon which injunctions may be issued in labor disputes, and the procedure to be followed in reference to injunctions and contempts in this class of cases. It leaves unimpaired the distinction heretofore existing between legal and illegal strikes. It leaves untouched the somewhat limited field of the statute governing picketing. It neither restricts nor broadens the boundaries of permissible picketing. Picketing which was illegal prior to this statute still continues as such. In a word, the statute did not change the substantive law as to either the legality of a strike or the lawfulness of picketing. *Simon* v. *Schwachman*, 301 Mass. 573. *Quinton's Market, Inc.* v. *Patterson*, 303 Mass. 315. *Remington Rand, Inc.* v. *Crofoot*, 279 N. Y. 635. *Opera on Tour, Inc.* v. *Weber*, 285 N. Y. 348. *Starr* v. *Laundry & Dry Cleaning Workers' Local Union No. 101*, 155 Ore. 634. *Safeway Stores, Inc.* v. *Retail Clerks' Union, Local No. 148*, 184 Wash. 322.

Although none of the plaintiff's employees was a member of the local when the vote to strike was taken, one had become a member the day before the strike began, and nearly one half of the shop's crew had joined the local when the case was heard. These employees had become involved in the controversy between the local and the plaintiff and had combined with the other members in maintaining the strike for the purpose of compelling the plaintiff to accede to the demands of the local. Some of these employees had acted as pickets. A final decree should deal with the situation existing at the time of its entry. *McMurtrie* v. *Guiler*, 183 Mass. 451. *Hotel & Railroad News Co.* v. *Clark*, 243 Mass.

317. *Giles* v. *Giles*, 293 Mass. 495. *Bell* v. *Treasurer of Cambridge*, 310 Mass. 484. *MacLennan* v. *MacLennan*, 311 Mass. 709. The judge was right in finding that this controversy was not a lawful labor dispute for reasons already given and the findings, which need not be stated in detail, were sufficient to show a compliance with G. L. (Ter. Ed.) c. 214, § 9A, in granting the injunction.

The principal contention of the defendants is that the injunction is an invasion of their right to free speech. Picketing has been recognized as a legitimate method which strikers have a right to employ to notify the public of the existence of a strike, to disseminate information concerning the controversy, and to communicate the facts dealing with their side of the dispute. In so far as picketing comes within the category of freedom of speech, it is a right guaranteed by the Federal Constitution and the exercise of the right is not dependent upon the statute of any State. *Senn* v. *Tile Layers Protective Union*, 301 U. S. 468. *Thornhill* v. *Alabama*, 310 U. S. 88. *Carlson* v. *California*, 310 U. S. 106. *American Federation of Labor* v. *Swing*, 312 U. S. 321. *Miller's Inc.* v. *Journeyman Tailors Union Local No. 195*, 128 N. J. Eq. 162 (reversed, per curiam, sub nomine *Journeymen Tailors Union Local No. 195* v. *Miller's Inc.* 312 U. S. 658). *Bakery & Pastry Drivers & Helpers Local 802* v. *Wohl*, 315 U. S. 769.

Picketing, however, may be more than a means for making public the facts of a labor dispute. The presence of persons, patrolling along the highway abutting the employers' premises; marching back and forth in more or less close formation; obstructing passage to those entering or leaving the premises; impeding free and uninterrupted travel along the public way, when considered with the number of persons participating and the character of their demeanor, may be sufficient to induce breaches of the peace and other infractions of law designed to preserve the safety and security of society. Such a situation may arise irrespective of the nature of the information conveyed by the pickets. Although picketing may be affiliated with free speech, a State is not required to tolerate picketing of all types and

may regulate and restrict it in order to avert some definite substantial danger clearly arising from the methods adopted by pickets. *Milk Wagon Drivers Union of Chicago, Local 753* v. *Meadowmoor Dairies, Inc.* 312 U. S. 287. *Hotel & Restaurant Employees' International Alliance, Local No. 122* v. *Wisconsin Employment Relations Board,* 315 U. S. 437. *Carpenters & Joiners Union of America, Local No. 213* v. *Ritter's Cafe,* 315 U. S. 722. *Allen-Bradley Local No. 1111* v. *Wisconsin Employment Relations Board,* 315 U. S. 740. It was said in *Thornhill* v. *Alabama,* 310 U. S. 88, 103–104, that "the rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry are subject to modification or qualification in the interests of the society in which they exist. This is but an instance of the power of the State to set the limits of permissible contest open to industrial combatants." And just as picketing may become unlawful through the use of unlawful methods, it may also become unlawful if directed to the accomplishment of an unlawful purpose. *R. H. White Co.* v. *Murphy,* 310 Mass. 510. A State is not without authority to decide that a strike for a closed shop is not for a lawful purpose. *Plant* v. *Woods,* 176 Mass. 492. *Berry* v. *Donovan,* 188 Mass. 353. *Opera on Tour, Inc.* v. *Weber,* 285 N. Y. 348. See Mr. Justice Brandeis in *Duplex Printing Press Co.* v. *Deering,* 254 U. S. 443, 488, and in *Truax* v. *Corrigan,* 257 U. S. 312, 372. In this Commonwealth a strike for a closed shop is for an unlawful labor objective. It is not a lawful dispute but is a tort. *Quinton's Market, Inc.* v. *Patterson,* 303 Mass. 315, 317. And peaceful picketing in furtherance of such strike may be enjoined. *Simon* v. *Schwachman,* 301 Mass. 573. *Quinton's Market, Inc.* v. *Patterson,* 303 Mass. 315. *Borden Co.* v. *Local No. 133 of International Brotherhood of Teamsters, Chauffeurs, Stablemen, & Helpers of America,* 152 S. W. (2d) 828 (Tex. Civ. App.). *Retail Clerks' Union, Local No. 1403* v. *Wisconsin Employment Relations Board,* 242 Wis. 21.

We have preferred to base our opinion upon the issues raised by the parties and to decide the case as they have

presented it.   In view of the conclusion reached, it becomes unnecessary to discuss the lawfulness of mass picketing, but it is not on that account to be inferred that picketing in that form complies with the provisions of the peaceful persuasion statute.   G. L. (Ter. Ed.) c. 149, § 24, as amended by St. 1933, c. 272.

The final contention of the defendants is that the members of the international union ought not to have been enjoined.   There is no finding that the defendants Roberts and Halpern fairly represent the remaining members of the international union, *Pickett* v. *Walsh*, 192 Mass. 572, 590, but the defendants have no complaint, for while the decree binds these two defendants personally and as officers and agents it does not run against the remaining members of the international union.   See *Sweetman* v. *Barrows*, 263 Mass. 349; *Malloy* v. *Carroll*, 287 Mass. 376; *Sullivan* v. *Barrows*, 303 Mass. 197.

The decree, however, should be modified by striking out the following: "further from unlawfully molesting, intimidating, or threatening any employees of the petitioner, or using methods of persuasion, argument or speech other than can be deemed fair and reasonable to any employee of the petitioner."   There is nothing in the findings to the effect that interference of this character has been or is likely to be used by the defendants and, therefore, nothing in respect to such interference should be included in the terms of the injunction.   *Walton Lunch Co.* v. *Kearney*, 236 Mass. 310. *Shaw* v. *Harding*, 306 Mass. 441.

It follows that the decree as modified must be affirmed.

*Ordered accordingly.*