CITY OF SPRINGFIELD *vs.* ROBERT SIDERLUND.

Hampden. September 23, 1954. — December 8, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

</div>

*Old Age Assistance. Public Welfare. Equity Pleading and Practice,* Appeal. *Probate Court,* Appeal.

A decree of a Probate Court in a proceeding in equity must be affirmed upon an appeal with a report of the material facts but without a report of the evidence where the conclusions of fact by the trial judge are consistent with the specific facts found by him and together they support the decree. [10]

In a proceeding in a Probate Court brought by a city under G. L. (Ter. Ed.) c. 118A, § 2, as appearing in St. 1945, c. 683, § 2; c. 117, § 7, as amended by St. 1950, c. 485, § 1, to secure reimbursement from the respondent for old age assistance provided to his mother by the city under c. 118A, certain findings by the trial judge respecting the income of the respondent, a single man living with his mother, and negativing his contention that he had fully supported her while she was receiving old age assistance required affirmance of a decree assessing him in the amount of the assistance so provided. [10]

PETITION, filed in the Probate Court for the county of Hampden on June 11, 1953.

The respondent appealed from a decree by *Macaulay*, J.   A report of the material facts contained the following: "On the whole, it is found on conflicting evidence that the respondent did not fully support his mother while she was receiving old age assistance and that no defence has been maintained that would bar the city, in equity, from establishing his legal liability to the city in the manner set forth and the amounts determinable as set forth in G. L. (Ter. Ed.) c. 118A."

*Jean R. LaCroix*, for the respondent.

*Donald A. Clancy*, Associate City Solicitor, for the petitioner.

COUNIHAN, J.   This case comes before us upon an appeal by the respondent from a decree of the Probate Court ordering that the respondent be assessed in the sum of $734.32 paid to Beda Siderlund, his mother, ·by the city for her support for the period from November 15, 1952, to August 15, 1953, and that execution in common form for said sum issue.   The judge also assessed the respondent for future support of his mother.   The respondent at the argument before us waived his appeal as to that part of the decree providing for future support.   There was no error.

These proceedings were instituted by the city pursuant to G. L. (Ter. Ed.) c. 117, § 6, as appearing in St. 1936, c. 108, and § 7, as amended by St. 1950, c. 485, § 1, and arose out of G. L. (Ter. Ed.) c. 118A, § 1, as appearing in St. 1943, c. 489, § 1, as amended.   Chapter 118A is entitled "Adequate Assistance to Certain Aged Citizens."

Chapter 117, § 6, reads, "The kindred of such poor persons, in the line or degree of father, mother and children, by consanguinity, living in the commonwealth, and of sufficient ability, shall be bound to support such poor persons in proportion to their respective ability."   Section 7 reads in part, "A . . . judge of a probate court sitting in equity . . . upon complaint of *any town* . . . put to expense for the . . . support of such person, may on due

hearing assess . . . upon such of the kindred as it finds to be of sufficient ability . . . such amount as *he considers reasonable* for or towards the support of the person to the time of such assessment, and may enforce payment thereof by execution in common form" (emphasis supplied).

Chapter 118A, § 1, reads in part, "Adequate assistance to deserving citizens in need of relief and support . . . shall be granted under the supervision of the department of public welfare . . . . Such assistance shall, wherever practicable, be given to the aged person in his own home . . . . Such assistance shall be on the basis of need, and the amount thereof shall be determined in accordance with budgetary standards established by the local board of public welfare."

Section 2 of c. 118A, as appearing in St. 1945, c. 683, § 2, reads in part, "Action under . . . [c. 117, § 7] shall be brought by a local board of public welfare in connection with the granting of assistance under this chapter . . . . Upon adjudication in favor of the local board, said board shall be reimbursed by the child . . . for the assistance granted . . . ."

Section 2A of c. 118A, as appearing in St. 1945, c. 683, § 3, as amended by St. 1951, c. 801, § 3, reads in part, "In the case of an employed single child living with his aged parent . . . income up to two thousand dollars per annum shall be considered exempt and available to said child for his personal needs and his board and lodging. Of the amount of income in excess of the two thousand dollars per annum received by said child, one third shall be contributed as support to the parent . . . ."

The evidence is not reported, but the judge filed a report of material facts as provided in G. L. (Ter. Ed.) c. 215, § 11, as amended in a manner not here relevant. From this report it appears that Beda Siderlund, the mother of the respondent, was seventy-seven years old and qualified to receive assistance under c. 118A, § 1, when she applied for such assistance about November 18, 1952. The local board granted her $84.10 a month and paid her this sum regularly until August 15, 1953, a total of $734.32.

The respondent is a single man who lived with his mother and a sister, a widow of such meager income that she was not liable to make contribution. The local board endeavored on many occasions by letter to get in touch with the respondent to ascertain his financial status but the respondent ignored all such letters and refused to give the board any information. The respondent's gross earnings from August 15, 1952, to August 14, 1953, amounted to $6,657.53, which after certain necessary deductions left net earnings for that year of $5,344.89. Applying the statutory formula, the sum of $2,000 was deducted leaving a balance of $3,344.89. One third of this sum which the statute required him to contribute to the support of his mother amounts to $1,114.96 which exceeded the amount paid to the mother by the city. The judge, however, assessed him only $734.32, the amount paid by the city.

The respondent contends that he paid his mother $50 a week from November 24, 1952, to the date of the hearing. The judge found that from November 24, 1952, he gave his mother some money for the maintenance of the home which he occupied with his mother and a sister, but on conflicting evidence he found that the respondent did not give his mother $50 a week for her sole support. The judge further found that the city was a proper party to bring these proceedings because of G. L. (Ter. Ed.) c. 117, § 7.

As we have already pointed out, the case is here upon an appeal from a decree in equity and a report of material facts by the judge. The evidence is not reported. The decree must be affirmed if the conclusions of fact of the trial judge are consistent with the specific facts found by him and these conclusions in connection with the specific facts support the decree. *Tompkins* v. *Sullivan*, 309 Mass. 496, 497. Here the conclusions of fact of the judge are consistent with the specific facts found by him, and together they support the decree.

*Decree affirmed with costs of appeal.*